## ATHERTON v. ATHERTON.

1. Judgment having been obtained, at the suit of one heir against the administrator, who was the only other heir, execution issued on the ancestor's land, in the hands of an alienee of the heir; it was set aside for want of a judgment against the heir as such, under the 34th section of the act of 1834.
2. The creditor is not bound, under this act, to elect in the first instance to proceed against the heirs; his proper course is to proceed to judgment against the representative, and then obtain judgment de terris by scire facias against the heirs.
3. In such a proceeding the heirs may contest the judgment on original grounds, or that the lien of the debt is lost.   Per GIBSON, C. J.

ERROR to the Common Pleas of Bucks county.

*Dec. 27.*—Henry Atherton died in December, 1839, leaving Thomas and Charles sole heirs.   Thomas administered.   Charles held a bond of his father, which, in January 1840, he assigned to Jones, who brought this action in Charles's name, to his use against Thomas, as administrator; and recovered judgment 2d May, 1843.

In May, 1840, Charles conveyed his estate in his father's land to Thomas, in consideration of his paying intestate's debts.

In 1841, Thomas assigned in trust for creditors, and Eyre purchased the land of intestate at the sale by assignees.

In February, 1844, execution was levied on this land under Jones's judgment.

In April, 1844, Thomas filed an account as administrator, claiming a balance, and Charles, as heir of Henry, assented to the above judgment, and released all errors, &c.

On the application of Eyre, the court set aside the levy, which is the error assigned.

*Fox*, for plaintiff.—Charles waived notice, and has released.   Thomas had notice.   Murphy's Appeal, 8 Watts & Serg. 168.

It lies not in the mouth of an alienee to object that there was no return showing want of personal estate.

The purchaser took under the covenant for payment of debts.

*Ross*, contrà.—The 34th section of the act of 1834 applies, and execution cannot be levied, which is the only point here.

Return of nulla bona is essential to ground the proceeding against land of heir.   2 Arch. Prac. 434; 2 Penna. Prac. 463; Act of June 16, 1836, sect. 43.   There is no notice of intent to hold him as heir, to affect a purchaser from him.

*Jan. 26.*   GIBSON, C. J.—The proper practice, in cases like the present, was indicated in Murphy's Appeal, 8 Watts & Serg. 165, on

which it was shown that it is unnecessary to make the widow or heirs parties, in the first instance, to an action brought to charge the real estate. " In all actions," says the statute, " against the executors or administrators of a decedent, who shall have left real estate, where the plaintiff intends to charge such real estate with payment of his debt, the widow and heirs, or devisees, and the guardians of such as are minors, shall be made parties thereto." But when ? Primâ facie, it might seem, at the beginning. But why bind the creditor before he has moved at all to make up his mind as to the course he intends to pursue, in regard to the land, when there may be a fair prospect of obtaining satisfaction from the personal assets, which are the primary fund ? Where there is such a prospect—and every creditor may fancy there is such—it would be unwise to involve him in trouble and perplexity, either to make unnecessary parties, or to give up his hold on the real estate. The statute meant not, however, to put him to such election ; but it meant to secure to the owners of the land, before it. should be sold, an opportunity to contest the lien or disprove the debts, in an ordinary common law proceeding, free from incongruity and absurdity. But to join others to the personal representatives in the primary action, would require anomalous pleadings to adapt it to the purpose, which could not be accomplished without distorting the whole frame of the proceeding. It is hard to imagine how such an action could be carried through at all. Would the plaintiff count against the widow and heirs, or devisees, as co-debtors with the personal representatives ; and if the latter should obtain a verdict on the plea of plene administraverunt, against whom should execution go to reach the land? To avoid such difficulties, the course is plain. Let the plaintiff proceed on a judgment against the executor or administrator, as he is directed by the preceding section of the statute to proceed on a judgment against the decedent himself. Having obtained such a judgment, the next step is a scire facias against the owners of the land, who, notwithstanding the judgment against the personal representative, will be let in to contest the demand on original grounds, or the continuance of the lien ; which is all that the statute intended to give them. If they fail, the plaintiff will proceed to execution of the land. upon judgment de terris. That course is not only free from embarrassment, but it is the natural one. It was pointed out in Murphy's Appeal, but as the decision in that case was in a proceeding in the Orphans' Court, it is proper to establish the practice in the Common Pleas. As the execution was not founded, in this instance, on such a judgment, the levy and proceedings on it were properly set aside.

Judgment affirmed.