EZEKIEL SANKEY, with notice to JAMES DUNDAS and Others, terre tenants, v. THOMAS REED.

Upon a *scire facias* to revive a judgment against defendant and terre-tenants, evidence is admissible for the terre tenants of a collateral agreement between the original parties, the effect of which is not to impair the judgment, but to restrain the lien incidental to it.

ERROR to the Common Pleas of Mercer.

*Oct.* 3. This was a *scire facias* sued out by Thomas Reed against Ezekiel Sankey, with notice to James Dundas, and others, terre tenants, the object of which was to revive the judgment No. 35, October T., 1841, in which Reed was plaintiff and Sankey defendant.

On the trial, the plaintiff read in evidence the record of No. 35, October T., 1841, which was a *scire facias* to revive a judgment No. 228, June T., 1838, between Reed and Sankey.

The defendants and terre tenants, who had pleaded "payment with leave," &c., offered to prove that "in the month of August, 1841, the plaintiff came to defendant with the amicable *scire facias*, No. 35, October T., 1841, and requested defendant to revive the judgment amicably. That defendant objected to reviving it amicably to be a lien on any other property than the 'Boyles Farm,' of which the judgment was part of the purchase-money. Plaintiff agreed, and said he wanted the lien on no other property than the 'Boyles Farm,' and was satisfied that that would be good—that defendant expressed himself afraid of the effect of the revival, with but parol testimony to show the extent of the lien—that witness then commenced to draw a writing, when plaintiff objected, and said that parol testimony would be sufficient against any claim he might have on any other property. Defendant said he would have nothing to do with it, if it was to be continued or made a lien on any other property—said he would keep it off all other property as long as he could, and refused to sign the amicable action and revival, unless plaintiff would agree to release his person and all other property except the 'Boyles Farm,' from the lien of the judgment. That plaintiff agreed to release the person and other property of defendant. Plaintiff called a witness, to witness the agreement as aforesaid, and that the defendant then signed the amicable revival." To this offer the plaintiff objected, and it was rejected by the Court. The verdict was for the plaintiff against defendant and terre tenants, and judg-

ment thereupon. In this Court the following error was assigned:
—The Court erred in rejecting the offer of defendant to prove the
agreement entered into between the plaintiff and defendant, at the
time defendant signed the amicable revival, by which defendant
was induced to sign it, and also to prove that plaintiff obtained the
amicable revival by fraud, or fraudulently attempted to make the
lien of his judgment general.

*Agnew* and *Hays*, for the plaintiffs in error.—We do not seek to
impeach the judgment *in toto*, but to limit its lien to the "Boyles
Farm" alone, as the parties agreed. A parol release of a judg-
ment is sufficient, and equity will construe it into an agreement not
to sue, provided it proceeds on sufficient consideration: Whitehill
*v.* Wilson, 3 Pa. Rep. 405. The reasoning of that case is applica-
ble to this.

We should have been allowed to show, from what passed when
Sankey signed the agreement in 1841, that it was executed in con-
sequence of the fraudulent conduct or false representations of Reed:
Miller *v.* Henderson, 10 S. & R. 292; Kain *v.* Bell's Adm'r., 14
S. & R. 161; Finney *v.* Ferguson, 3 W. & S. 416. Records, if
imbued with fraud, must give way before testimony: Lowrie *v.*
McMillan, 8 Barr, 163. If the amicable revival was honestly
obtained, the attempt to use it in the way sought is fraudulent:
Park *v.* Chadwick, 8 W. & S. 96; Renshaw *v.* Gans, 7 Barr, 177.

*Holstein*, contrà.—Parol evidence cannot be received to reform
a written agreement, as to declarations made at its execution, when
it was not intended by parties that such declarations should be made
part of the agreement: *à fortiori*, it cannot be received to reform
a record: Collam *v.* Hocker, 1 Rawle, 108; Heagy *v.* Umberger,
10 S. & R. 339.

A record cannot be restricted or enlarged by parol testimony:
Loughry *v.* McCullough, 1 Barr, 503; Karch *v.* Long, 3 Barr, 273.
No part of it can rest in parol: Zimmerman *v.* Briggaus, 5 W. 186;
Davidson *v.* Thornton, 7 Barr, 131; Withers *v.* Livezey, 1 W. &
S. 433.

The defendant can only deny the original judgment, or show it
has been satisfied, by way of defence. He cannot inquire into its
merits, nor yet into this alleged parol agreement, for that purpose:
Cardesa *v.* Humes, 5 S. & R. 65; 7 Barr, 131.

Per Curiam.—The excluded evidence was offered in order to prove a collateral agreement, not to impair the judgment, but to restrain the lien incidental to it; which might be done by arrangement beforehand, or by release subsequent, without impinging on the record. A debt, and a judgment as a security for it, are distinct things; or, to speak more properly, a judgment and the subjects of its grasp are so: and they may be dealt with as such by the parties to be affected by them. But on what evidence can a collateral agreement to separate them be decreed? No statute requires it to be in writing; and if any principle of the common law required it to be so, it would be ground enough to dispense with it that one of the parties had been prevailed on to let the agreement rest on oral evidence by the deceptive professions of the other. The proceedings in this case are informal; but to attain the ends of justice, we must view it as if the terre-tenants had taken separate defence; and in that aspect the evidence was erroneously excluded.

> Judgment, as to the terre-tenants, reversed, and *venire de novo* awarded.