# Wallace's Administrator *versus* Holmes *et al.*

Levari Facias *to Administrator* de bonis non, *when returnable.*—Act of February 24th 1834, §§ 27, 32 and 33, construed.—Effect of Judgment against Administrator.

1. Judgment on mortgage being entered in lifetime of mortgagor, after his death his executor appeared without *scire facias* and was substituted, but being afterwards removed, an administrator *de bonis non* was appointed, against whom a *scire facias* issued, 29th September 1860, returnable 1st Monday of October, to bring him on the record. On 20th October, the administrator not appearing, judgment of substitution was entered, and afterwards a *levari facias* issued, to which judgment and execution a writ of error was

[Wallace's Administrator *v.* Holmes *et al.*]

taken. *Held*, that the course of proceeding in the court below was proper under the 33d section of the Act 24th February 1834, relating to executors and administrators; and that neither the 27th section of that act, granting a continuance of one term in an action pending, nor the 32d section, applied to the proceeding.

2. Such judgment, however, would not prevent a stay in order to let the administrator apply for a sale of the property, under the order of the Orphans' Court.

ERROR to the District Court of *Allegheny county.*

This was a *scire facias sur* mortgage, by Thomas R. Holmes and Nathaniel Holmes against Thomas Wallace, to November Term 1857, on which, judgment was obtained against the defendant for $2074.85.

March 12th, 1860, the death of Wallace being suggested, his executor, A. C. Alexander, by consent, was substituted as defendant. April 28th 1860, said Alexander, by decree of the Orphans' Court, was dismissed from said executorship, and subsequently letters of administration *de bonis non* issued to William P. Baum. September 29th 1860, plaintiffs suggested the discharge of Alexander, and sued out a *sci. fa.* directed to William P. Baum, administrator as aforesaid, returnable first Monday of October 1860, to show cause why he should not be substituted as defendant in place of said Alexander. Same day writ served. October 20th 1860, the court entered judgment against said Baum as follows, to wit: "It appearing to the court, by the return of the sheriff, that a *sci. fa.* requiring William P. Baum, administrator *cum test. annexo,* to show cause why he should not be substituted on the record as defendant in place of A. C. Alexander, acting executor of said Wallace, who has been dismissed, as appears by suggestion of record, and no cause having been shown, it is ordered that the said William P. Baum be substituted, upon the motion of plaintiffs' attorney." October 22d, 1860, *lev. fa.* No. 299, November Term 1860, returnable fourth Monday in November 1860, issued.

Baum, the administrator, thereupon sued out this writ, and assigned for error here the entering of judgment against him, October 20th 1860, and the issuing of the writ of *levari facias,* as above stated.

*Hamilton & Acheson*, for plaintiff in error, contended, 1. That under the 27th and 32d sections of the Act of February 24th 1834, entitled "An act relating to executors and administrators," it was error to enter judgment against the administrator *de bonis non*, before the first day of the then next term, to wit, the fourth Monday of November 1860.

2. That the *levari facias* issued prematurely, inasmuch as the statute gives the administrator a continuance or stay of legal proceedings for one term; the phrase "legal proceedings" being

[Wallace's Administrator *v.* Holmes *at al.*]

equivalent to "legal process," and embracing such writs : 2 Bl. Com. 279.

*Shaler*, contrà.

The opinion of the court was delivered, November 29th 1861, by

LOWRIE, C. J.—This judgment was entered against Thomas Wallace in his lifetime, and after his death his executor appeared without *sci. fa.*, and was substituted. But he was afterwards removed, and an administrator *de bonis non* appointed ; and thereupon, on the 29th September 1860, a *sci. fa.* was issued to bring him upon the record, returnable on the first Monday of October ; and on the 20th October, the administrator not appearing, judgment was entered that he be substituted.

This is very right. The 27th and 32d sections of the Act of 1834, relating to executors and administrators, have nothing to do with the proceeding ; it is governed entirely by the 33d section. That requires that the administrator be warned to appear and show cause against the issuing of the execution. This expression defines the purpose of the appearance. The law takes the judgment for verity, but requires that when the defendant is dead his representative shall take his place, and shall have an opportunity of showing any cause known to him, arising since the judgment, why the plaintiff should not have execution. The fact that defendant is administrator he does not mean to deny, and this fact and the previous judgment entitles the plaintiffs to their execution, unless the administrator appear and show some such cause against it as would have entitled the decedent himself to a stay, or to a modification of the execution, on account of payments, or otherwise. But such a judgment does not prevent a stay in order to let the administrator apply for a sale of the property under the direction of the Orphans' Court. Judgment of substitution, and that execution issue, would have been a better entry.

Judgment affirmed.