## COMMONWEALTH v. W. S. COCHRAN ET AL.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS
OF BUTLER COUNTY.

Argued October 20, 1891—Decided January 4, 1892.

1. In a scire facias against a decedent's executor, widow and devisees, to charge the testator's real estate with the payment of a debt, under § 34, act of February 24, 1834, P. L. 80, a prior judgment for the same debt against the executor is conclusive upon him when defending as a devisee : Stewart v. Montgomery, 23 Pa. 410.

2. Moreover, in such scire facias, the devisee may not defend on the position that the land sought to be charged was devised to him in payment of a prior indebtedness, the will being voluntary and revocable, and inoperative as a conveyance or a covenant to stand seised; nor will the alienee of the devisee stand on higher ground.

Before STERRETT, GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 114 October Term 1891, Sup. Ct.; court below, No. 83 June Term 1891, C. P.

On February 13, 1891, Ella J. Cochran, having obtained judgment to No. 186 March Term 1891, for four thousand dollars, against Lydia A. Cochran, and W. S. Cochran, executor of the will of Patrick Graham, deceased, the latter a surety upon the bond of Lydia A. Cochran, guardian of the plaintiff, issued a scire facias thereon to No. 83 June Term 1891, against " W. S. Cochran, executor of the last will of Patrick Graham, deceased, Lydia A. Cochran, Rebecca Graham, widow and devisee, W. S. Cochran, devisee, and Thomas Cochran and Edwin Cochran, alienees of W. S. Cochran."

On February 24, 1891, W. S. Cochran filed a paper verified by his affidavit, entitled an " answer to the scire facias." This paper averred, in its material parts, that the affiant had purchased a tract of land from Patrick Graham in his lifetime, to wit, February 28, 1885, and received a deed therefor, to wit, for one hundred acres on the south side of a larger tract owned by said Graham.

" 4. That Patrick Graham by his last will and testament

Statement of Facts.

devised to deponent two hundred acres of land, said will being probated and registered in the register's office, Butler county, Pa., on the first day December, A. D. 1886, said devise being subject to a life-estate of and in Rebecca Graham, widow of said Patrick Graham, deceased, and including the one hundred acres above deeded.

" 5. That deponent went to live with said Patrick Graham when he, deponent, was three years of age, and lived continuously with him in the same house for a period of nineteen years or thereabouts, when deponent married one Mary E. Seaman, and then deponent moved into another dwelling-house on the same land of Patrick Graham, and lived in a separate dwelling-house for the period of ten years or thereabouts; and then, at the request of said Patrick Graham, removed into a new dwelling-house on same land, which new dwelling-house was erected for the special purpose of a joint dwelling-house for the family of said Patrick Graham and deponent; and deponent with his family lived in said house with Patrick Graham and his family, as one family, for a period of .fourteen years or thereabouts, in all for a total period of between forty-three and forty-four years; the farm labor being done by deponent and his sons, and the house labor by deponent's wife and girls, the families' food being obtained from the produce of said land, Patrick Graham making any and all sales of produce and stock, receiving and retaining all moneys so received excepting what he donated to deponent. This he kept up until a few years of his death on November 9, 1886; he, said Patrick Graham, at the time of his death being in his eighty-ninth year."

" 8. That the land deeded and devised to deponent was in consideration of the work and labor done by deponent, and the care and attention given by deponent to said Patrick Graham and his wife, for a period of time extending over thirty years, during which time said Patrick Graham frequently told deponent he was to be fully paid for said work and labor, and care and attention, and that the deed and devise were for the said payment from said Patrick Graham to deponent.

" 9. That deponent is informed and believes that the balance due Ella J. Cochran from her guardian Lydia A. Cochran, was not a debt against the estate of said Patrick Graham, until she, the said Lydia A. Cochran, had failed to pay over the moneys

in her hands, being the property of said Lydia A. Cochran ; and for above reasons shown, the deponent believes that the judgment at C. P., No. 186 March Term 1891, should not be or remain a lien on any of his lands or execution thereof."

On the same day, Edwin Cochran filed an " answer " to said writ, setting forth, as facts, the following :

That on April 1, 1887, the affiant purchased from W. S. Cochran, defendant, forty-five acres, and at the time thereof there were no debts owing by the estate of said Patrick Graham, deceased, for which the executor of said deceased had not ample funds in his hands ; that at that time, the account of Lydia A. Cochran, guardian of Ella J. Cochran, had not been filed, nor was it filed for nearly two years thereafter, nor was any demand made for the balance shown thereby on said W. S. Cochran, executor, until March 10, 1890, when the suit was brought upon which the judgment before mentioned was obtained ; that the affiant had performed all the matters on his part to be performed in the articles for the purchase by him of said tract of land, had taken possession of said land and made valuable improvements thereon ; and that affiant knew when he purchased that the devise made by Patrick Graham to said W. S. Cochran was in payment of a debt owed to the latter for work and labor, care and attention, etc.

On March 4, 1891, the defendants appeared by counsel and pleaded " the general issue, and specially the matters set forth in their respective affidavits of defence as set forth at length by answers to scire facias." On March 18th, plaintiff's counsel moved " for judgment herein, in her favor and against W. S. Cochran, executor of Patrick Graham, deceased, and against Lydia A. Cochran, and also against Rebecca Graham, widow, W. S. Cochran, devisee, and Edwin Cochran, alienee of W. S. Cochran, de terris ; sum due to be liquidated by the prothonotary according to Rule of Court, for want of sufficient plea pleaded." Same day, " motion presented to court, examined and granted, and judgment to be entered as moved for."

—Judgment having been entered in favor of the plaintiff as ordered, for four thousand dollars with interest from March 18, 1891, W. S. Cochran and Edwin Cochran took this appeal, specifying that the court erred :

1. In granting judgment for want of a sufficient plea.

Opinion of the Court.

2. In granting judgment so as not to exclude from same, lands deeded to W. S. Cochran during lifetime of Patrick Graham, as specially set forth in pleadings.

*Mr. Lev. McQuistion* (with him *Mr. J. B. Bredin, Mr. J. Vanderlin* and *Mr. S. Cummins*), for the appellants.

Distinguishing Stewart v. Montgomery, 23 Pa. 410, counsel cited: Atherton v. Atherton, 2 Pa. 112; Chapman's App., 122 Pa. 341.

*Mr. John. M. Thompson* (with him *Mr. Wm. Thompson*), for the appellee.

Counsel cited: Stewart v. Montgomery, 23 Pa. 410.

OPINION, MR. JUSTICE STERRETT:

We were not referred to any Rule of Court under which this judgment was entered. It may have been done under a practice peculiar to the court below. However that may have been, the case was treated here by counsel on both sides, as a judgment for want of a sufficient answer or affidavit of defence, and as such we dispose of it.

It will be observed that the only appellants are W. S. Cochran, executor of Patrick Graham and devisee under his will of the land sought to be charged, and Edwin Cochran, alienee of said W. S. Cochran.

It is clear that the appellant W. S. Cochran is concluded from contesting the debt in this case. He was a party to the original action in which the judgment was taken, and therefore had his day in court. The act of 1834 was not intended to give, and did not give the right to be twice heard upon one issue by the same person: Stewart v. Montgomery, 23 Pa. 410. Lien being an incident of the debt, has he an available defence to the scire facias? He claims that, because the devise to him of the land sought to be charged was upon a valuable consideration, such land was thereby exonerated from all debts of the testator; in other words, that he is a purchaser for value of the land devised.

It will be conceded that, if the scire facias embraced land of which the debtor did not die seised, the owner would have had a good defence of which he could have availed himself. But,

Opinion of the Court.

as this appellant admits that his debtor died seised of the land sought to be charged, is he in any better position than the appellee? As creditors, their rights became fixed by the death of the common debtor, and are equal. There is no pretence of a sale, or of a covenant to stand seised upon which to base a preference, having been made. The appellant can obtain no preference as devisee, even though that were the declared purpose of the testator, for it is an established principle that it is beyond the power of a debtor by a testamentary disposition to disappoint the law either as to precedence, or to give a preference of debts. The will was by its nature the voluntary act of the testator, ambulatory and recoverable, and spoke only from the death of the debtor. While a distinct acknowledgment of the debt made in the will might perhaps be admissible in an action at law, in reply to the bar of the statute of limitations, yet the devisee claiming under the will can claim in no other capacity than as a volunteer. Those who claim as creditors claim in paramount right and adversely to the will. Even the widow, who is said to take as a purchaser, takes in subordination to the rights of the creditors of her deceased husband. Our statutes of distribution are based upon the theory that the assets of a decedent, real as well as personal, are distributable primarily amongst his creditors, and the " surplusage " only amongst next of kin, legatees, or devisees, as the case may be : McBride's App., 72 Pa. 480. Patrick Graham having admittedly died seised of the land sought to be charged, the devisee must take in subordination to his debts.

As the defence of W. S. Cochran's alienee is the same as his, he is in no better position so far as the scire facias is concerned. It may be that the equities between them may be worked out on execution, but the present proceeding is simply one of lien.

Judgment affirmed.