John T. Paul, Administrator of Sarah Paul, deceased, et al., *v.* Simon H. Grimm, Administrator of James L. Thompson, deceased, with notice to Nancy Thompson, widow of James L. Thompson, deceased, Silas M. Thompson, Sadie L. Thompson, J. C. Medsgar and Belle Medsgar his wife, children and heirs at law of James L. Thompson, deceased, Appellants.

*Judgment—Administrator—Scire facias to charge land—Defenses—Act of February* 24, 1834, *sec.* 34.

Upon the trial of a scire facias to charge land in the possession of the heirs of a decedent with a debt for which judgment has been obtained against the administrator, the defendants may make any defense which it would have been competent for them to have made in the original action if they had been parties thereto. The judgment, while conclusive as to the personal estate, is prima facie evidence only as to the real estate, and the plaintiffs' claim is open to contest on original grounds.

An agent for the sale of land, acting in excess of his authority, accepted in lieu of purchase money, bonds which turned out to be worthless. By an order of the Supreme Court judgment was entered against the agent's administrator. Subsequently a scire facias on the judgment was issued to charge land in the possession of the heirs of the deceased agent. *Held*, that the plaintiffs' right to recover was definitively settled by the original judgment, but that the heirs could show that the price at which the land was sold was fictitious, and in excess of the market value, and had been obtained only by reason of the agreement to accept securities of doubtful value in payment.

Argued Oct. 11, 1897. Appeal, No. 8, Oct. T., 1897, by defendants, from judgment of C. P. Westmoreland Co., Aug. Term, 1895, No. 883, on verdict for plaintiffs. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Scire facias sur judgment to charge real estate.

The facts appear in 165 Pa. 139.

At the trial, when P. K. Carnahan was on the stand, the following offer was made:

We propose to show by the witness, P. K. Carnahan, and others that the coal conveyed by James L. Thompson was never in fact reasonably worth the sum of $40.00 per acre; that there was no market for the coal at any time until the sale was made to the Westmoreland County Coal & Coke Company; that the price paid was fictitious and much more than the property was worth, and that it was not intended that the sale should be made in good faith for the consideration mentioned in the deed, payable in lawful money.

To which offer counsel for plaintiffs make reply that this offer is irrelevant, impertinent to the issue and immaterial. It is no matter whether the coal was worth $40.00. The only question at issue is, what did the attorney in fact sell the coal for? and what should he have gotten under the sale? And for the further reason that it is not a question of good faith. It does not matter whether the attorney in fact acted in good faith, if he exceeded his authority in the letter of attorney which gave him authority to act for the plaintiffs. Evidence having already been given by the defendants from the lips of R. C. McCurdy that the coal was bought for $40.00 an acre in lawful money.

By the Court: Objection sustained; offer overruled; exception to defendant's counsel; bill sealed. [7]

Verdict and judgment for plaintiffs for $8,752.30. Defendants appealed.

*Errors assigned* among others were (7, 10) rulings on evidence, quoting bill of exceptions.

*Vin E. Williams,* with him *A. M. Sloan* and *W. A. Griffith,* for appellants.—We submit that the agent, if liable, was liable only for the actual loss resulting from his acts, and that the question of his alleged misfeasance and the extent of the injury resulting should have been submitted to the jury: 1 Am. & Eng. Ency. of Law, 1067 (2d ed).

In an action against the widow and heirs, the defendants may go behind the judgment recovered against the administrator,

and make any defense which it would have been competent for them to have set up in the original suit, if they had been made parties to it.   Such action is to enable them to contest the lien or disprove the debt.   They may contest on original grounds, unaffected and unobstructed by the precedent judgment, as well as on secondary grounds, subsequent to the judgment: Sergeant v. Ewing, 36 Pa. 156; Neely v. Bair, 144 Pa. 250; Whitehead v. School Dist., 145 Pa. 418; Murphy's Appeal, 8 W. & S. 165; Benner v. Phillips, 9 W. & S. 15; Atherton v. Atherton, 2 Pa. 112; Schwartz's Estate, 14 Pa. 42; Stewart v. Montgomery, 23 Pa. 411; Sample v. Barr, 25 Pa. 457; Shontz v. Brown, 27 Pa. 136; Walthour's Heirs v. Gossar, 32 Pa. 259; McLaughlin v. McCumber, 36 Pa. 14.

*John E. Wentling*, with him *David A. Miller* and *Edward B. McCormick*, for appellees.

OPINION BY MR. JUSTICE FELL, January 3, 1898:

Upon the trial of a scire facias to charge the land in the possession of the heirs of a decedent with a debt for which judgment has been obtained against the administrator, the defendants may make any defense which it would have been competent for them to have made in the original action if they had been parties thereto.   The judgment, while conclusive as to the personal estate, as to the real estate is prima facie evidence only, and the plaintiffs' claim is open to contest on original grounds.   This rule is founded on the construction given to section 34 of the act of February 24, 1834, and, while somewhat anomalous, it has been firmly established by the decision in Sergeant's Heirs v. Ewing, 36 Pa. 156, and the line of cases on which it rests, and it does not seem to have been seriously disputed at the trial.

The defense offered was mainly a denial of liability for the acceptance by the decedent of bonds instead of money in payment for land which he had sold as agent.   This question had been definitively settled in favor of the plaintiffs by the decision of this Court in Paul v. Grimm, reported in 165 Pa. 139, and was no longer open.   The right to contest the plaintiffs' claim notwithstanding the judgment against the administrator was the right to contest it on valid grounds, and all testimony intended to raise again questions which had been decided

adversely to the defendant was properly excluded.    The defend-
ants, however, were denied one ground of defense which it was
competent for them to make as affecting the measure of damages.
An offer was made to prove that the coal conveyed was not
worth $40.00 per acre; that there was no market value for it at
the time; that the price was fictitious and much more than the
property was worth, and that it was not intended that the sale
was for the consideration mentioned in the deed payable in law-
ful money.    The language of the offer is not clear, its purpose
was not stated, it was made in connection with other offers of
testimony which were properly rejected, and the learned judge
in his desire to follow strictly the rulings of this Court doubt-
less overlooked the effect of the offer and regarded it as part
and parcel of the attempt to reopen a question which had been
settled.    In the interest of justice we should not now give it a
too strict construction, and it may fairly be considered as raising
the question of the extent of the liability of the agent for ex-
ceeding his authority.    That question was not passed upon at
the first trial and was not considered in the decision in Paul v.
Grimm, supra, in which the construction to be given the power
of attorney was determined.    If the agent sold the land for
$40.00 per acre and accepted bonds instead of money in pay-
ment, the measure of his liability is the price for which he sold.
If, however, it should appear that the price named in the deed
was not the real price, but was fictitious; that the sale was not
made, and could not have been made, for that price in money;
that the price was in excess of the market value, and was ob-
tained only by reason of the agreement to accept in payment
securities of doubtful value, then the recovery against the de-
fendants should be limited to the market value of the land.
This would be the measure of the actual loss of the plaintiffs.
Their land was sold by an agent with full power to sell and
convey, but who without fraud exceeded his authority and
accepted bonds instead of money in payment; if they are now
paid the full market value of the land at the time, with inter-
est, they are made whole.

We see no other error in the case.    It was competent for the
defendants to show ratification with knowledge, but there was no
sufficient evidence on the subject to justify its submission to
the jury.    It does not appear from the record of the trial or from

the argument why the testimony of R. C. McCurdy was withdrawn from the jury, and we cannot pass upon the assignment based upon the order striking it out. If offered to show what the real transaction was, it was competent.

The seventh assignment of error is sustained, and the judgment is reversed with a venire facias de novo.