## Miller Brothers v. James Keenan and James Keenan, Appellants.

*Judgments—Scire Facias to revive—Affidavit of defense—Insufficiency.*

On a scire facias to revive a judgment entered on a scire facias, an affidavit of defense is insufficient which contains only allegations directed to matters affecting the validity of the judgment formerly entered.

The only defense that can be urged against a scire facias to revive a judgment, regular on its face, are matters arising since the entry of the judgment.

A petition to open was the proper method to test the validity of the judgment entered upon the former scire facias.

Argued April 22, 1927. Appeal No. 97, April T., 1927, by defendants from judgment of C. P. Westmoreland County, November T., 1924, No. 428, in the case of Miller Brothers, for use of Union Trust Company, Trustee in Bankruptcy, of Clifford E. Miller and Irwin C. Miller, trading as Miller Brothers, v. James Keenan and James Keenan. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Scire facias to revive a judgment. Before DOM, J.

The facts are stated in the opinion of the Superior Court.

Rule for judgment for want of a sufficient affidavit of defense. Rule was made absolute. Defendant appealed.

470, (1927).]    Assignment of Error—Opinion of the Court.

*Error assigned* was the order of the Court.

*Jas. L. Kennedy,* for appellants.

*Carroll Caruthers,* and with him *Scott Fink,* for appellee.

OPINION BY TREXLER, J., July 8, 1927:

The lower court states: "The Records in the Prothonotary's Office show an entry of judgment at 173 May Tr., 1914, against defendants. At 643 May Tr., 1919, a Sci. Fa. sur judgment 173 May Tr., 1914, was issued and judgment was entered September 24, 1919, by confession. At 428 Nov. Tr., 1924, (instant case) a Sci. Fa. sur judgment 643 May Tr., 1919, was issued Sept. 23, 1924, and the Sheriff returned that on September 25, 1924, he served both defendants personally by handing each of them a true and attested copy of the writ and made known to each of them the contents thereof—On July 13, 1926, one year and nine or ten months after service, defendants filed an affidavit of defense, and on August 5, following, plaintiff moved for judgment for want of a sufficient affidavit of defense."

The affidavit of defense denies the validity of the judgment upon which the present Scire Facias was issued for the reason that neither defendant had any knowledge or notice of the issuing of the previous Scire Facias, nor did either of them, at any time, accept services of said Scire Facias, nor did they authorize anyone, at any time, to accept such service, nor authorize or direct the Prothonotary to enter judgment against them. They say they never signed any note or paper of any kind authorizing anyone to enter judgment against them, that it was not until the 25th of September, 1924, that they knew anything about the note or judgment or revival of same and that James Keenan,

Jr., one of the defendants, did not know of it until about October, 1925, when a proposed sale of real estate led to the disclosure that a judgment was on record; that the plaintiffs in the judgment, Miller Bros., were adjudicated bankrupts and that this claim does not appear in their schedule of assets, and finally, they had purchased material from Miller Brothers and had completely paid for all such labor and material except a small balance of $93.21, which James Keenan, Sr., individually owes and is willing to pay.

If the defendants had wished to test the validity of the judgment entered upon the former Scire Facias, they would have done so upon a petition to open and the present writ could have been stayed in the meanwhile. The judgment upon the record is to all intents and purposes valid upon its face and the only reasons that could be urged against the Scire Facias would be matters arising since the entry of the judgment. O'Connor v. Flick, 274 Pa. 521; Taylor v. Tudor, 83 Pa. Superior Ct., 459; Lauer v. Ketner, 162 Pa. 265. All the allegations in the affidavit are directed to matters affecting the validity of the judgment formerly entered, and in this proceeding, that is a closed book.

The allegation of the affidavit as to payment is insufficient. We cannot ascertain whether these payments were made before or after the entry to the judgment, nor any of the details which furnish dates, amount of payments and manner of payments. Hiestand v. Williamson, 128 Pa. 122; Leas v. Hafer, 39 Pa. Superior Ct., 160. The failure of the bankrupts to list the claim does not prevent the trustee from pressing it.

The order of the lower court is affirmed.