Commonwealth et al., Appellant, v. Keenan et al.

Argued April 19, 1928.

Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*Carroll Caruthers,* and with him *Scott Fink,* for appellant.

*James L. Kennedy,* for appellees.

OPINION BY GAWTHROP, J., July 12, 1928:

This appeal was argued with that filed to No. 1559, April Term, 1928, in which an opinion has just been filed. It is an action of assumpsit on the bond filed by defendants on their appeal in the case reported in 90 Pa. Superior Ct. 470, and was brought August 9, 1927, after defendants had obtained rules to open the original judgment, and that entered upon the first scire facias, and after the court below had made an order staying proceedings on the judgment which we affirmed in 90 Pa. Superior Ct. 470. Plaintiff took a rule for judgment for want of a sufficient affidavit of defense and the court below ordered that proceedings in the case be stayed pending the final disposition of the proceedings to open the original judgment and the judgment entered at the first revival, without prejudice to plaintiffs and with leave to them to renew their motion for judgment for want of a sufficient affidavit of defense after the final disposition of the proceedings to open the judgments. Plaintiff has appealed from that order.

The assignments of error are that (1) the court erred in overruling the motion for judgment for want of a sufficient affidavit of defense, and (2) in staying the proceedings. As to the first assignment, it is sufficient answer to state that the motion for judgment for want of a sufficient affidavit of defense was not overruled. The court merely refused to dispose of the motion at that time. As to the order of a stay pending the final determination of the proceedings to open the original judgment, we are of opinion that the court was right in preserving the status quo. We have held in the opinion just filed that it was proper

to stay proceedings on the judgment entered on the second scire facias pending the determination of the proceedings to open the original judgment. The reasons on which our conclusion in that case were grounded are equally applicable here and need not be repeated. The judgment on the last scire facias is not a new judgment, but the revival of the original judgment, continuing whatever vitality it had, with all its incidents, whether of lien or otherwise, from the time of its rendition: Irwin v. Nixon, 11 Pa. 419. The ultimate liability of defendants on the appeal bond will depend upon the result of the proceedings to open the original judgment. Until they are finally determined, it is proper to suspend proceedings in the present suit.

The order is affirmed.

PORTER, P. J., dissents.