## Howells v. Howells

*J. O. Ulrich*, for plaintiff.

*J. J. Gallagher*, for defendant.

PALMER, J., July 22, 1935.—From the pleadings we take it to be admitted that a judgment against the de-

fendant was entered on July 3, 1923, to no. 151, September term, 1923, and a judgment was entered by order of this court upon a sci. fa. to revive the judgment of no. 151, September term, 1923, to May term, 1934.

On March 6, 1935, upon petition of the defendant, a rule issued on the plaintiff to show cause why the judgment entered to no. 151, September term, 1923, should not be opened and the defendant let into a defense.

In this petition the defendant avers that she signed a note upon which the original judgment was entered "as an accommodation maker or endorser for her husband, Arthur Howells, and received no benefit or gain in the consideration which passed from Thomas Howells to her husband, Arthur Howells, deceased."

In answering, the plaintiff conceives this allegation as being an affidavit of defense to the sci. fa. to revive, and hence moves for a dismissal of the petition on the ground that on a sci. fa. to revive a judgment entered on a sci. fa. an affidavit of defense is insufficient which contains only allegations directed to matters affecting the validity of the judgment formerly entered, and cites Miller Brothers v. Keenan et al., 90 Pa. Superior Ct. 470, and Lansford B. & L. Assn. v. Sheerin, 34 Schuyl. L. R. 84, in support thereof. Undoubtedly this is a settled principle of law, but it is not applicable to the facts in the case at bar.

The defendant filed no affidavit of defense to the sci. fa. to revive but acted on the suggestion of Judge Trexler made at page 472 in Miller Brothers v. Keenan et al., supra, by presenting a petition to open the judgment originally entered.

Depositions to support the facts alleged in the defendant's petition can now be taken.

And now, July 22, 1935, the motion of the plaintiff to dismiss the defendant's petition and discharge the rule issuing thereon is overruled.