First National Bank and Trust Company of
Bethlehem *v.* Laubach, Deceased,
(et al., Appellant).

Argued January 24, 1939. Before KEPHART, C. J.,
SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Lewis R. Long,* for appellant.

*M. B. Riskin,* of *Taylor, Schrader & Riskin,* for appellee.

OPINION BY MR. JUSTICE STERN, March 22, 1939:

Emily L. Shaffer was the maker, and her mother, Mary M. Laubach, the endorser, of a note payable to plaintiff bank. On a warrant of attorney contained in the endorsement plaintiff entered judgment by confession against Mary M. Laubach in the Court of Common Pleas of Lehigh County. There being a farm property in Northampton County owned by Mary M. Laubach and Emily L. Shaffer as tenants in common, plaintiff filed an exemplified record of the judgment in the Court of Common Pleas of that county. Mary M. Laubach died, leaving her daughter as sole heir, to whom letters of administration were granted by the register of wills of Lehigh County. Plaintiff issued a writ of scire facias sur judgment in Northampton County, under section 15(i) of the Fiduciaries Act of 1917, P. L. 447, 478, with notice to Emily L. Shaffer, administratrix of the estate of Mary M. Laubach, to show cause why execution should not issue. An affidavit of defense was filed by Emily L. Shaffer, personally and as administratrix, in which it was averred that the note on which judgment had been entered in Lehigh County was without consideration and signed by maker and endorser as the result of misrepresentations by an officer of plaintiff bank; by way of set-off and counterclaim it was alleged that there

was money due Mary M. Laubach and Emily L. Shaffer
from the estate of James F. Laubach, deceased husband
of Mary M. Laubach, of which plaintiff bank was admin-
istrator c. t. a., and that, as such administrator, plain-
tiff should be surcharged because of various delinquen-
cies in its management of the estate; there was also a
demand for an accounting by plaintiff of moneys alleged
to be in its possession belonging to the estate of Francis
E. Huber, deceased, in which Mary M. Laubach and
Emily L. Shaffer had an interest. The court made abso-
lute a rule for judgment for want of a sufficient affidavit
of defense. Defendant appeals.

There are two reasons why the appeal must fail.

The first is that any question as to liability on the
note can be considered only on a rule to open the judg-
ment. On a scire facias sur judgment no defense is avail-
able unless it arose subsequently to the entry of the
judgment, as, for example, payment. In so early a case
as *Cardesa v. Humes,* 5 S. & R. 65, 68, it was said by
GIBSON, J.: "But I take the law to be, that in *no case,*
nor under any circumstances, can the merits of the orig-
inal judgment be inquired into, for the purpose of fur-
nishing a defense to a scire facias. Where a judgment
has been obtained surreptitiously, it will be set aside on
motion; and where it is suffered by confession or de-
fault, if there be a defense of which the party was igno-
rant, or which arose afterwards, the Court, to give him
the advantage of it, will open the judgment. But in no
other way can the equitable power of the Court be inter-
posed. In this proceeding the defendant must deny the
original judgment altogether, or show it has been satis-
fied since it was rendered; for, down to that point of
time, it is conclusive." A host of subsequent authori-
ties[1] have made this a familiar principle of the law.

---

[1] Among them: *McVeagh v. Little,* 7 Pa. 279; *Stroud's Appeal,*
109 Pa. 326, 329; *Trader v. Lawrence,* 182 Pa. 233; *O'Connor v.
Flick,* 274 Pa. 521; *Moll v. Lafferty,* 302 Pa. 354; *City National
Bank v. Atkinson,* 316 Pa. 526.

Defendant urges that the rule is not applicable in proceedings under section 15(i) of the Fiduciaries Act, which is a reënactment of part of section 33 of the Act of February 24, 1834, P. L. 70, 79, and which provides that "No execution for the levy or sale of any real or personal estate of any decedent shall be issued upon any judgment obtained against him in his lifetime, unless his personal representatives have been first warned by a writ of scire facias to show cause against the issuing thereof, . . ." In support of her contention defendant points to such cases as *Atherton v. Atherton,* 2 Pa. 112; *Stewart v. Montgomery,* 23 Pa. 410;[2] *Walthaur's Heirs v. Gossar,* 32 Pa. 259; *Sergeant's Heirs v. Ewing,* 36 Pa. 156; *Butler v. Slam,* 50 Pa. 456, 460; *Steele v. Lineberger,* 59 Pa. 308; *Paul v. Grimm,* 183 Pa. 330. None of these has any bearing upon the present situation. They were cases in which judgment was not obtained against decedent in his lifetime but was rendered in a suit brought under section 34 of the Act of 1834[3] against his personal representatives after his death. By that section it was provided that in actions against executors or administrators where the plaintiff intends to charge real estate of the decedent with the payment of the debt, the heirs or devisees should be made parties. In such proceedings the plaintiff may include the heirs in the original action, or he may first obtain a judgment against the executor or administrator and then issue a scire facias against the heirs: *Murphy's Appeal,* 8 W. & S. 165; *Atherton v. Atherton,* 2 Pa. 112; *Kirk v. Van Horn,* 265 Pa. 549.[4] In either event the heirs or devisees,

---

[2] In that case the executor was the sole devisee of the real estate, and it was held that as such he was bound by the judgment which had been obtained against him as executor.

[3] The history and purpose of the thirty-fourth section of the Act of 1834 are set forth in some detail in *Walthaur's Heirs v. Gossar,* 32 Pa. 259.

[4] The practice thus established has been embodied in section 15(e) of the Fiduciaries Act of 1917, which provides that no ex-

as the cases referred to by plaintiff indicate, may, notwithstanding the recovery of a judgment against the personal representative, contest the claim by interposing any and all defenses to the merits, the judgment being merely, as to them, prima facie evidence of the debt. But where, as here, the judgment was obtained against the decedent in her lifetime, and the proceeding is therefore under section 15(i) of the Fiduciaries Act *(section 33* of the Act of 1834), the merits of the judgment cannot be questioned by way of defense to a scire facias thereon. "If judgment were recovered against the decedent in his lifetime, the section [*section 34* of the Act of 1834] has no application, for having had his day in court, the presumption is conclusive against his widow and heirs, as well as the rest of the world, that no more was recovered than ought to have been": *Walthaur's Heirs v. Gossar,* 32 Pa. 259, 262. "That [*section 33* of the Act of 1834] requires that the administrator be warned to appear and show cause against the issuing of the execution. This expression defines the purpose of the appearance. The law takes the judgment for verity, but requires that when the defendant is dead his representative shall take his place, and shall have an opportunity of showing any cause known to him, *arising since the judgment,* why the plaintiff should not have execution. . . . the previous judgment entitles the plaintiffs to their execution, unless the administrator appear and show some such cause against it as would have entitled the decedent himself to a stay, or to a modification of the execution, on account of payments, or otherwise": *Wallace's Administrator v. Holmes,* 40 Pa. 427, 429. So likewise in *Dowling v. McGregor,* 91 Pa. 410, it was held that where a scire facias was brought to show cause why

ecution for the levy or sale of any real estate of a decedent shall be issued upon any judgment obtained in an action against his personal representatives unless the heirs and devisees have been made parties to such action or been warned by a writ of scire facias issued against them on the judgment.

execution should not issue on a judgment obtained against a debtor in his lifetime, his administratrix was restricted in defense to a denial of the existence of the judgment or proof of its subsequent satisfaction or discharge. Had decedent in the present case survived she could not have defended against the scire facias as here attempted, and certainly her personal representative and heir can have no greater rights. Nor may defendant set off against plaintiff's judgment the counterclaim outlined in her affidavit of defense, it being made up of unliquidated claims arising in proceedings in the orphans' court and in that court alone justiciable.

From what has been said it should be clear that even had the scire facias been issued in Lehigh County, the defense now presented would have been unavailing. But the fact that it was issued on the exemplification of the judgment in Northampton County gives rise to the second reason why the court below was correct in entering judgment for want of a sufficient affidavit of defense. Section 1 of the Act of April 16, 1840, P. L. 410, ("construed" by section 11 of the Act of April 16, 1845, P. L. 538), provides for the transfer of judgments from one court of common pleas to another, and that "as to lien, revivals, executions, and so forth," the transferred judgment "shall have the same force and effect, and no other," as if the judgment had been entered originally in the court to which the transfer was made. It is to be noted that this act is entitled "An Act Relating to Executions, . . ." and it does not undertake to deal with a transferred judgment other than for purposes of realizing thereon. Such a transferred judgment is merely "a *quasi* judgment, and that too only for limited purposes": *Brandt's Appeal,* 16 Pa. 343, 346. It has been held time and again that the court of the county to which the judgment is transferred has no power over it except for purposes of execution, and cannot inquire into its merits. That can be done only by the court in which it was originally obtained: *King v. Nimick,* 34 Pa. 297; *Mellon v.*

*Guthrie,* 51 Pa. 116; *Beck v. Church,* 113 Pa. 200; *Nelson v. Guffey,* 131 Pa. 273; *Lehigh & New England R. R. Co. v. Hanhauser,* 222 Pa. 248; *Shotts & Co. v. Agnew & Barnett,* 81 Pa. Superior Ct. 458, 461.

Judgment affirmed.