Brusko, Appellant, *v.* Olshefski et al.

Argued March 5, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Joseph A. Mulhern,* with him *Paul J. Schmidt,* for appellant.

*Joseph Mieszkowski,* for appellees.

OPINION BY CUNNINGHAM, J., June 24, 1940:
The question involved upon this appeal is largely one

of procedure. It arose out of a scire facias proceeding to revive and continue the lien of a judgment for $2,500 entered, on November 17, 1936, at No. 1120 December Term, 1936, by the plaintiff, appellant herein, against the defendants, upon an alleged copy of a lost bond and warrant to confess judgment (verified by affidavit) the payment of which was secured by a mortgage for that amount upon certain properties owned by appellees in Kingston Borough.

Several historical facts are not controverted. In 1927 appellees were the owners of three lots—two on Colonial Avenue and the other on Third Avenue. In August of that year they mortgaged one of the Colonial Avenue lots and the Third Avenue lot to appellant for $2,500. As the result of an execution issued upon the judgment in January, 1937, these two lots were bid in by appellant at a sheriff's sale for the amount of the taxes and costs.

The controversy began with the issuing by appellant on December 16, 1939, of a scire facias, to No. 262 January Term, 1939, to revive the judgment originally entered at No. 1120 December Term, 1936. Appellees filed an affidavit of defense to the scire facias; appellant took a rule for judgment for want of a sufficient affidavit of defense; the court below held the affidavit sufficient and discharged his rule; this appeal followed.

Reduced to its final analysis, the substance of the defense sought to be interposed by appellees was that the paper upon which the judgment was originally entered is not a true copy of the only bond they signed in connection with the giving of the mortgage.

They admitted the execution of the mortgage but averred it was given "with the full understanding and upon the specific agreement between the plaintiff and the defendants, that the said two lots would be solely responsible for the payment of the said sum of money."

In the third paragraph of their affidavit appellees alleged: "That at the time of the execution of the said

mortgage in favor of the plaintiff, the defendants did not sign and execute a mortgage bond in favor of the plaintiff, but, pursuant to an agreement the defendants signed a paper containing the said agreement and confessing judgment for the said Twenty-Five Hundred Dollars ($2,500) and restricting the lien of such judgment if confessed, to the two lots described in the mortgage."

The seventh paragraph of the affidavit denied knowledge of the entry of a judgment on a purported copy of a mortgage bond, averring appellees' belief that the judgment entered contained the agreement restricting the lien to the two lots mortgaged. The other paragraphs of the affidavit seem to set up a theory of payment and satisfaction of the debt for which the bond was given, by assuming the making of the alleged mutual agreement restricting the lien of any judgment entered thereon to the two lots described in the mortgage and averring their acquisition at sheriff's sale by appellant.

Appellant based his motion for judgment upon the proposition that the appellees were attacking the validity of the original judgment and had not pleaded any matters of defense occurring since its entry.

The defenses which may be interposed to a scire facias to revive a judgment are limited, in general, to those arising since the original entry. Thus, in *First National Bank & Trust Co. v. Laubach,* 333 Pa. 344, 5 A. 2d 139, the defenses sought to be interposed were lack of consideration for the note on which the judgment was entered, as well as misrepresentations allegedly made by the payee to the maker and indorser. Affirming a judgment for the plaintiff for want of a sufficient affidavit of defense to a scire facias to revive the judgment, Mr. Justice STERN stated (page 346) : "On a scire facias sur judgment no defense is available unless it arose subsequently to the entry of the judgment, as, for example, payment. In so early a case as *Cardesa v. Humes,* 5 S. & R. 65, 68, it was said by GIBSON, J. : 'But

I take the law to be, that in no case, nor under any circumstances, can the merits of the original judgment be inquired into, for the purpose of furnishing a defense to a scire facias. Where a judgment has been obtained surreptitiously, it will be set aside on motion; and where it is suffered by confession or default, if there be a defense of which the party was ignorant, or which arose afterwards, the court, to give him the advantage of it, will open the judgment. But in no other way can the equitable power of the court be interposed. In this proceeding the defendant must deny the original judgment altogether, or show it has been satisfied since it was rendered; for, down to that point of time, it is conclusive.' A host of subsequent authorities [citing cases in a footnote] have made this a familiar principle of law."

In *Miller Bros. v. Jas. Keenan,* 90 Pa. Superior Ct. 470, the judgment sought to be revived had been once previously revived by an amicable scire facias. Among the defenses interposed to the second revival was the alleged fact that defendants never signed any paper of any kind authorizing the confession of judgment against them on the first revival. Affirming a judgment for want of a sufficient affidavit of defense to the second scire facias, TREXLER, J. stated (page 472) : "If the defendants had wished to test the validity of the judgment entered upon the former scire facias, they would have done so upon a petition to open and the present writ could have been stayed in the meanwhile. The judgment upon the record is to all intents and purposes valid upon its face and the only reasons that could be urged against the scire facias would be matters arising since the entry of the judgment. *O'Connor v. Flick,* 274 Pa. 521, [118 A. 431] ; *Taylor v. Tudor,* 83 Pa. Superior Ct. 459; *Lauer v. Ketner,* 162 Pa. 265, [29 A. 908]. All the allegations in the affidavit are directed to matters affect-

ing the validity of the judgment formerly entered, and in this proceeding, that is a closed book."

We are not impressed with the contention of appellees that they have, in effect, pleaded payment of the original judgment by averring acquisition by appellant of the two lots described in the mortgage. Their position assumes that a true copy of the only bond they gave would have contained the alleged clause restricting the lien of any judgment entered thereon to those two lots. The copy of the bond upon which the judgment was confessed contains no such clause; the judgment is valid and regular upon its face and binds all real estate owned by appellees at the date of its entry. As already indicated, the meat of their defense is that the copy upon which judgment was entered was not a true copy of the instrument they signed. This, we think, is a direct attack upon the validity of the original judgment.

Appellees have a right to make such attack, but they can do so only by a petition to *open* the judgment upon which the scire facias issued. In our opinion their affidavit of defense to the scire facias is insufficient.

It is stated in the opinion of the court below that such a petition has been presented since the filing of the affidavit of defense and a rule granted thereon. In a memorandum refusing a reargument of the present rule it was erroneously stated the court had "opened the judgment." The record shows this was an inadvertent remark; the only matter before us is the discharge of appellant's rule for judgment.

The case of *Sankey v. Reed*, 12 Pa. 95, cited and relied upon by appellees, is distinguishable upon its facts. It involved an alleged collateral oral agreement to restrict the lien of a judgment; here the ground of attack is the alleged omission from the copy of the bond and warrant of a written restriction asserted to have been contained in the original instrument. Nor does the

490

question of procedure here involved seem to have been raised in that case.

While the result may not be different in a given case, the distinction between defenses which may be raised on a scire facias to revive a judgment, and those available only on a petition to open, is founded on a logical basis and firmly established in our law.

The order discharging appellant's rule for judgment for want of a sufficient affidavit of defense is reversed and the rule reinstated, without prejudice to the right of appellees to proceed on their petition to open the original judgment and to apply to the court below for a stay of the scire facias.