# Smith, Appellant, *v.* Kammerer et al.

*Equity—Gambling transactions—Executed contracts.*

A court of equity will not grant relief against the collection of a mortgage or judgment given to cover past and future gambling transactions.

*Jurisdiction—Pendency of suit.*

· The pendency of proceedings to open a judgment in the courts of one ·county will prevent the courts of another county from taking jurisdiction of a bill for relief prayed for on the ground that the consideration of the note on which the judgment was entered was a gambling transaction.

*Service on non-residents.*

It seems that the service in another state of a bill in equity upon non-residents, and the service upon a resident defendant who, as mortgagor, is a mere stakeholder, will not give jurisdiction over the non-resident defendants.

Argued Oct. 7, 1892.   Appeal, No. 219, Oct. T., 1892, by plaintiff, William F. Smith, from decree of C. P. Greene Co., Oct. T., 1887, No. 2, dismissing bill against F. G. Kammerer et al.   Before PAXSON, C. J., STERRETT, WILLIAMS, McCOL-LUM, MITCHELL and HEYDRICK, JJ.

Bill in equity filed by William F. Smith against F. G. Kammerer & Co., H. C. Champlin, William Lippencott and the Bank of Montreal.

The bill set forth that plaintiff had been gambling in wheat ;and pork with F. G. Kammerer, trading as F. G. Kammerer & Co., in Chicago, Illinois ; that to secure the indebtedness incurred in so doing and to provide margin for further speculations he executed in Chicago his note for $6,500 and assigned to Kammerer as collateral security a mortgage of William Lippencott upon five hundred acres of land in Greene county, Pa., and a judgment note of $2,100 made by Adamson and Hoge, residing in Greene county.   Kammerer issued a sci. fa. on the mortgage in Greene county, and entered judgment on the $6,500 note in Washington Co., Pa., and filed an exemplification thereof in Greene county.   A petition to open that judgment was filed in Washington county.   A rule was granted and replication filed.   Judgment was also entered on the $2,100 note in Washington county, and the balance due thereon collected by test. fi. fa. by the sheriff of Greene county, and paid into court in

Washington county at the instance of Smith, who claimed it should be paid to him.

The prayers of the bill were to enjoin proceedings for collection on these instruments, to set aside the assignments of the mortgage and the notes, for delivery of the notes to plaintiff and to set aside the judgment on the $6,500 note, on the ground that there was no consideration for them, and that the transactions for which they were given were illegal and void by the laws of Illinois and Pennsylvania, and further relief.

All of the defendants, except Lippencott, resided in Chicago, and service was made upon them in that city by leaving a copy of the bill with them under an order of court, under the act of April 6, 1859, P. L. 387. An appearance de bene esse was entered for all the non-resident defendants. The Bank of Montreal and H. C. Champlin were assignees of Kammerer, but the bill alleged that Kammerer was the real owner. The answer denied the material averments of the bill and demurred to the jurisdiction.

The master, J. B. Donley, without considering the denials of the answer, found the law as follows:

" The plaintiff obtained no jurisdiction over the defendants by reason of service thereon. All but William Lippencott were non-residents of Pennsylvania. Lippencott was a mere stakeholder for the other parties and not a principal debtor. A service on him did not bring the other defendants within the jurisdiction of this court: Eby's Ap., 70 Pa. 311.

" Of the subject-matter, the $6,500 note and the judgment entered thereon at No. 51 August term, 1887, common pleas of Washington county, Pa., and the $2,100 note and the judgment entered on same at No. 296, August term, 1887, of said court, are properly under the jurisdiction of said court of common pleas of Washington county, Pa. It is true that in one case a judgment was entered here in this court on an exemplified record from said common pleas of Washington county, Pa., and in the other a test. fi. fa. was issued from said court to the sheriff of this (Greene) county, and the money made on the same. In the latter case, however, the money is in the said common pleas of Washington county for distribution; while the said judgment at No. 51, August term, 1887, is under control

of said court of common pleas of Washington county, for all purposes of opening, striking from the record, revival, etc.

" The Lippencott mortgage was executed in Greene county, Pa., on lands there situate, and is recorded in the mortgage books of said county, and so is the assignment thereof from Smith to Kammerer & Co. The subject-matter of said mortgage and assignment is, therefore, within the jurisdiction of this court, and, if other reasons did not prevent, this court might exercise authority over the subject-matters in this case.

" The jurisdiction of the court of common pleas of Washington county, Pa., having attached to the $6,500 note and the $2,100 note and the judgments entered thereon in said court, prior to the filing of plaintiff's bill in equity in this court, and there being still pending and undetermined in said common pleas of Washington county proceedings begun by this plaintiff before the filing of this bill, to strike off and open the one judgment and to obtain payment of the amount paid into said court on the other, and power of said court being full and ample to do justice to said parties, and to give the plaintiff in this bill all the relief to which he is entitled in the premises, this court cannot and should not interfere by this proceeding in equity so far as the said notes and judgments are concerned. The fact that the proceedings in said matters in the common pleas of Washington county, Pa., are equitable in character surely does not benefit the plaintiff's case. Having invoked the equitable powers of the court of original jurisdiction to grant him relief, he is not entitled to invoke the equity powers of the common pleas of Greene county, Pa., in the same matters, pending the proceedings in the former court.

" Will the plaintiff, admitting and alleging his own iniquity in the transactions from which the notes, judgments and assignments in this matter arose, be permitted to set up their illegality and with unclean hands invoke this court of equity to relieve him from the effect of his alleged gambling transaction? The general rule in such cases is that equity will leave the parties where it finds them : 1 Story, Eq. Jur. § 298 ; Sherk v. Endress, 3 W. & S. 255 ; McDonald v. Campbell, 3 Pitts. R. 554 ; Hershey v. Weiting, 50 Pa. 240 ; Hipple v. Rice, 28 Pa. 406 ; Fox v. Cash, 11 Pa. 211.

" The master does not think it necessary to discuss or decide

here the effect of this rule upon the judgment at Nos. 51 and 296 August term, 1887, of the common pleas of Washington county, Pa., and the notes upon which they were entered, as he has disposed of these, so far as this case is concerned, upon other grounds.

"In Pennsylvania a mortgage of real estate conveys the legal title thereof to the mortgagee; it is in form a conveyance of the land. Lippencott's mortgage to Smith, therefore, conveyed the legal title of the mortgaged premises to Smith, and the assignment by Smith to Kammerer & Co. was in form a conveyance of the premises to Kammerer. All of Smith's right or interest in the said land passed to Kammerer for the purpose named in the deed of assignment. It is, so far as Smith and Kammerer are concerned, an executed contract, and as equity leaves Smith where it finds him, because of his alleged turpitude, he would be entitled to no relief here against the assignment of said mortgage: Lestapies v. Ingraham, 5 Pa. 81; Hipple v. Rice, 28 Pa. 406; Hershey v. Weiting, 50 Pa. 240; Wright v. Pipe Line Co., 101 Pa. 207.

"It is urged, however, by the plaintiff, that the revised statutes of Illinois, and particularly sections 130, 132, 135 and 136, Criminal Code, not only make the dealings between Smith and Kammerer gambling contracts and void, but declare void and of no avail all notes and assignments given in furtherance of said contracts or dealings. A very careful examination of these statutes, in the light of the Illinois decisions relating thereto which it is not deemed necessary here to cite or quote, fails to convince the master of the applicability of these sections named to the facts of this case as stated by the plaintiff.

"The master is of the opinion and so holds that the plaintiff is not entitled, under the facts alleged and presented by him, to the aid of this court of equity to relieve him from the assignment of the said Lippencott mortgage and notes to Kammerer. On the whole the master is of the opinion and so decides that plaintiff's bill in this case should be dismissed, and so recommends to the court, and at the costs of Wm. F. Smith, the plaintiff."

The court, INGHRAM, P. J., dismissed exceptions filed to this report and dismissed the bill.

*Errors assigned* were (1–15) decree dismissing bill and dismissal of exceptions, quoting them.

*A. A. Purman*, with him *Boyd & E. E. Crumrine* and *H. J. Ross*, for appellants.

*John Aiken*, with him *Wyly, Buchanan & Walton*, and *T. Jeff Duncan*, for appellees.

PER CURIAM, November 7, 1892:

This case has been so well discussed by the learned master that we need not add anything to what he has said.

The decree is affirmed and the appeal dismissed at the costs of the appellant.