## First National Bank of McKeesport v. Simoni, et ux.

*Rowley & Smith,* for plaintiff.

*Hon. Harry B. Richardson,* for defendants.

McCREARY, P. J., October 4, 1948.—Plaintiff entered a judgment note on March 20, 1944, by confession in the office of the Prothonotary of Allegheny County, Pa.

Plaintiff thereupon took an exemplification of the Allegheny County judgment and filed the same at the above term and number in Beaver County. The note on which the judgment was confessed had been executed on August 21, 1941. Defendants filed a petition on June 28, 1948, alleging that their signatures to the note were forged and asking that the judgment be opened and defendants let into a defense. To this petition plaintiff filed an answer averring that the judgment had been entered on an exemplification from Allegheny County, that the judgment note confessed had been executed on August 21, 1941, and that under these facts the Beaver County court is without jurisdiction to entertain the petition filed by defendants, but that they must seek relief, if any, in the Court of Common Pleas of Allegheny County, the jurisdiction in which the judgment had been confessed.

The sole question raised by the pleadings in this case may be briefly stated as follows: Where judgment was confessed on March 20, 1944, on a judgment note dated August 21, 1941, in the Court of Common Pleas of Allegheny County and an exemplification thereof was filed in Beaver County on March 23, 1944, does the Court of Common Pleas of Beaver County have jurisdiction to entertain a petition to open the judgment?

It appears from the record that after the petition to open was filed in our court and in due course an answer made thereto, the matter was set down for arugment on præcipe filed by petitioner. Under Pa. R. C. P. 209 (*b*) where a moving party (in this case defendants) orders a cause or argument on petition and answer, all averments of fact responsive to the petition are deemed admitted for the purpose of the rule. Therefore, it is admitted by defendants here that the judgment note in question was executed on August 21, 1941. Under the Act of April 16, 1840, P. L. 410, 12 PS §891,

plaintiff in the judgment became entitled to transfer its judgment confessed in Allegheny County to the Court of Common Pleas of Beaver County. The Supreme Court, in construing the rights of a judgment debtor under this statute, has held that authority to open a transferred judgment is the exclusive province of the court of the county where it was originally entered: Smith v. Kammerer et al., 152 Pa. 98; 7 Standard Pa. Practice, 32, §37; First National Bank and Trust Company of Bethlehem v. Laubach et al., 333 Pa. 344.

The Act of March 27, 1945, P. L. 83, sec. 1, 12 PS §913, extended the jurisdiction of courts to which judgments were transferred to entertain petitions to open such judgments in certain instances. That act reads in part as follows:

"Whenever a judgment is confessed or entered in any court of common pleas on a note, bond or other written instrument, *hereafter executed,* in which judgment is confessed, or containing a warrant for an attorney-at-law or other person to confess judgment against the person or persons who execute the same, and such judgment is transferred to any other court of common pleas by filing there a certified copy of the record in the case, before an execution, bill of discovery or attachment shall be issued thereon in such other court of common pleas, the plaintiff therein shall enter his appearance in the prothonotary's office of such other county, specifying a name and address within that county where all papers may be served on him. When the defendant has a defense to such judgment he may file his petition to open the same either in the court where the judgment is originally entered or in any other court to which the judgment is transferred and in which an execution, bill of discovery or attachment is issued thereon." (Italics supplied.)

We are of the opinion that the provisions of the Act of 1945 would not apply in the instant case for the reason that the note was executed on August 21, 1941, this being admitted by application of the principles of Pa. . C. P. 209 (*b*) as well as being made to appear by a reference to the copy of the note set forth verbatim in the exemplification of the record under consideration. It should be noted that the Act of 1945 confers jurisdiction on the transferee court of common pleas (in this case Beaver County) only when the judgment note was "hereafter executed".

The manifest intent of the legislature in thus limiting the jurisdiction of the courts to which judgments were transferred was to avoid the implication that the Act of 1945 might be vulnerable to attack on the ground of its constitutionality. We have only to recall that when the legislature originally made provision for the filing of a bill in equity to partition real estate, the title to which was held by husband and wife as tenants by the entirety, the Supreme Court declared the act, as originally drawn, unconstitutional inasmuch as it referred to all estates held by husband and wife as tenants by the entirety instead of limiting it to estates created after the passage of the act. When, after the act was declared unconstitutional, the legislature redrafted the act it made it applicable only to estates "hereafter created". We recall also that the original acts of assembly providing for a method of establishing deficiency judgments were declared unconstitutional until the legislature made provision for protecting the interests of parties who had already acquired rights by contract, either by a mortgage, judgment note or other writing.

No doubt in drafting the act now under consideration the legislature had the experience of previous legislatures in mind, insofar as laying the legislation open to attack on the ground that it might be construed as

tending to impair an obligation of contract. For that reason the legislature deliberately changed the law as to the jurisdiction of the transferee court to entertain a petition to open a judgment by providing that the jurisdiction was conferred only in cases of judgment notes "hereafter executed".

We have no doubt whatsoever that this court has no jurisdiction to make absolute a rule to open judgment on a note executed prior to the passage of the Act of 1945, supra, judgment on which was confessed in Allegheny County prior to the date of the passage of the Act of 1945 and transferred to this county prior to the effective date of that act.

For the reasons above stated we make the following

### Order

Now, October 4, 1948, the petition to open the judgment in the above-entitled case is overruled and the rule is discharged.