# O'Connor *versus* O'Connor.

1. A garnishee in foreign attachment, in a *scire facias* against himself, cannot set up as defence, that the judgment against the original defendant was not liquidated, according to the rules of court.

ERROR to the Court of Common Pleas of *Somerset county.*

Richard O'Connor, of F., commenced suit against Richard O'Connor, of T., a non-resident, by foreign attachment, to November Term, 1855, and "attached all moneys, debts due, property, rights, or credits of Richard O'Connor, of T., in the hands, possession, or custody of Sally O'Connor, as garnishee."

[*O'Connor v. O'Connor.*]

On the 5th April, 1856, a "narr." was filed, containing the common counts in *assumpsit*. On the 10th September, 1856, Mr. Gaither moved for judgment, which was granted him. No notice was ever given to the garnishee, or to the defendant, or any one interested for either of them.

On the 14th day of October, 1856, a *scire facias*, issued against Sally O'Connor, garnishee, to No. 73, November Term, 1856; and on the 3d day of February, the case was tried.

On the trial of the case, the counsel for Sally O'Connor asked the court to instruct the jury, that as no notice was given when the judgment was taken, that the plaintiff in this case cannot recover. This was refused by the court; and this is the error assigned, on this writ of error taken by Sally O'Connor, the garnishee.

*Baer* and *Coffroth*, for plaintiff in error, referred to *Pancake* v. *Harris*, 10 S. & R. 109; *Thornton* v. *Bonham*, 2 Barr, 102.

*Forward* and *Gaither*, for defendant in error.—The cases of *Pancake* v. *Harris*, and *Thornton* v. *Bonham*, cited and relied upon by plaintiff in error, have been overruled by *Hampton et al.* v. *Matthews and Shaw*, 2 H. 105.

The opinion of the court was delivered November 19, 1858, by

WOODWARD, J.—This is a writ of error to a judgment, against a garnishee in foreign attachment. *Scire facias* was issued against the garnishee, and she pleaded, that the property garnished was not that of the original defendant in the attachment, which, on issue formed, was found against her. Now she objects, that the judgment against the original defendant was not liquidated, agreeably to the rules of court.

The court held it was, but if it was not, what has she to do with the question? The recovery against her was not for the amount of the judgment, but for the value of the property in her hands; and it is the judgment entered on the verdict against *her*, which the writ of error brings up, and nothing else.

Alleging no errors in the judgment which she has brought here for review, she has no standing in court, and no right to be here as a suitor.

                                   Judgment affirmed.