# O'Hara *v.* Metropolitan Life Insurance Co., Appellant.

*Insurance—Insurance policy—Judgment by default—Petition to open judgment.*

In an action to recover insurance due on an insurance policy an averment in the plaintiff's statement, which alleges that the plaintiff is the wife of the deceased, is sufficient to show relationship and to qualify the plaintiff as the beneficiary under the terms of a policy which reads:

"In case of the death of the insured the company may pay the amount due under the policy to any relative by blood or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expenses on behalf of the insured," etc.

*Proof of death—Presumption of death—Absence for seven years.*

The presumption of death arising from the absence of the person for seven years, unheard from, stands as competent and satisfactory proof until it is successfully rebutted by competent evidence to the contrary. If a party left his home without saying where he was going, or if he left his home on a business trip or a pleasure trip and nothing had been heard from him for a period of seven years, the presumption would arise that he was dead.

Where an insurance policy required that any action should be brought within six months from the date of the death of the insured, a suit commenced within six months after the date when the presumption of death arose, is in time.

*Judgments—Opening judgments—Discretion of the court.*

Where one of the reasons set forth in the petition to open a judgment is that the counsel for the defendant was misled by the statements of the counsel for the plaintiff, the decision of the lower court refusing to open the judgment will not be reversed, in the absence of any proof of the abuse of judicial discretion.

Argued October 13, 1919. Appeal, No. 97, Oct. T., 1919, by defendant, from the judgment of Municipal Court of Philadelphia, Sept. T., 1918, No. 580, in favor of plaintiff for want of an answer in the case of Mary O'Hara v. Metropolitan Life Insurance Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ. Affirmed.

Assumpsit on insurance policy. Before BONNI-WELL, J.

Rule to open judgment.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule.

*Error assigned* was the order of the court.

*Thomas Reath, Jr.,* and with him *Harold B. Beitler,* for appellant.—The judgment was invalid because the statement of claim set forth no cause of action: Dewart v. Masser, 40 Pa. 302; Com. v. Hoffman, 74 Pa. 105; Byrne v. Hayden, 124 Pa. 170.

The court had jurisdiction to entertain an appeal from a judgment by default: Bradley v. Com., 31 Pa. 522; Com. v. Hoffman, 74 Pa. 105; Ringwalt v. Prindle, 59 Pa. 51.

*Thomas S. Lanard,* for appellee.—It was not necessary to take out letters of administration to enable the court to pass upon the question of the presumption of death of the insured: Maley v. Pennsylvania R. R. Co., 258 Pa. 73; Esterly's App., 109 Pa. 222; Fanning v. Equitable L. A. S., 264 Pa. 333.

OPINION BY HENDERSON, J., February 28, 1920:

Plaintiff's action is founded on a policy of insurance issued by the defendant on the life of John O'Hara, the plaintiff's husband. The amount of the insurance is $110.

Judgment by default for want of an answer was taken by the plaintiff which judgment the court declined to open on the petition of the defendant. Objection is now made to the validity of the judgment and to the refusal of the court to open it. With respect to the first assignment, the position taken by the appellant is that the statement of claim does not assert a cause of action, and the judgment is therefore void. A copy of the policy was not filed with the statement, the averment being that the policy had been mislaid and therefore a copy could not be attached. No objection was made to the statement in this respect; the complaint being that it is not declared that the plaintiff was the beneficiary in the policy, and there was therefore nothing in the statement of claim to show any interest of hers in the policy or its proceeds. It is averred, however, that the policy was issued on May 18, 1896, on the life of John O'Hara for $110, the number of the policy being 13,374,547, that the weekly premiums had been regularly paid thereon; that the plaintiff is the wife of the insured; that the latter was a resident of the City of Philadelphia, and on or about the 28th day of June, 1907, disappeared from his home and habitation, and since that date neither the plaintiff nor the other members of his family have heard from him. The plaintiff therefore averred that he was dead, he having been absent and nothing having been heard from him for more than seven years; by reason of which state of facts the plaintiff claimed the amount of the policy together with the assessments paid to the company after the death of the insured. To the application to open the judgment, the defendant attached a copy of the policy issued to O'Hara in which the following clause appears: "In case of the death of the insured, the company may pay the amount due under this policy to any relative by blood, or connection by marriage, of the insured, or to any other person appearing to said company to be equitably entitled to same by reason of having incurred expenses on behalf

of the insured, or for his or her burial; and the production of a receipt signed by either of said persons shall be conclusive evidence that all claims under this policy have been satisfied." The plaintiff could not truthfully allege that she was the beneficiary named in the policy. She has, however, asserted her right because of connection by marriage; that is, the wife of the insured. She has therefore in substance declared that under the terms of the policy issued by the company, she became entitled to the amount of the insurance on the death of her husband, and an inspection of the policy shows that she has this standing in the absence of the exercise of an election by the company to pay to some other person under the provision of the policy above quoted. Rule 6 of the municipal court provides that "A statement of claim shall consist of a concise recital of the facts which the plaintiff claims gave rise to his cause of action." This the plaintiff seems to have complied with. She has declared that because of the policy and the death of the insured and that she is his widow, she became entitled to the amount of the insurance. If she had at a trial offered the policy in evidence, it would have supported these averments subject to the right of the company to show that the insured was not dead or that the company had made another disposition of the fund. There can be no doubt of the identity of the contract issued on these terms, and we are not able to hold with the appellant that the statement of claim is so defective with reference to the assertion of the plaintiff's right that it will not support the judgment.

The first reason set forth in the petition to open the judgment was that in conversation over the telephone between the counsel for the defendant and the appellee's counsel, the former stated to the latter that he received the summons and statement of claim, but that he had not yet received a statement of the facts of the case, and that he would want to go into the matter and either prepare and file an answer or advise settlement, and

thereupon plaintiff's counsel stated that defendant's counsel might take any reasonable amount of time desired by him for the preparation and filing of an answer. This conversation is said to have taken place November 25, 1918. On November 27, 1918, the defendant's counsel wrote to plaintiff's counsel informing him that the company had the affidavit of one John Patterson, June 22, 1915, to the effect that on or about August 15, 1911, he met and conversed with the insured, John O'Hara, in Atlantic City. The letter contained the additional information that counsel had learned that the insured had had considerable trouble with his wife, and had disappeared presumably to avoid arrest and the fact of his absence was not such therefore as to raise any presumption of death. The letter contained the further statement that "The company will in any event decline to recognize any claims under this policy until proceedings have been taken to have the insured declared legally dead, and to obtain letters of administration upon his estate." The summons in the action was served on November 16, 1918, and was received by the defendant's counsel on November 25, 1918. The letter of November 27th was a declination of the company to recognize any claim under the policy unless proof was made of death in the manner suggested by the defendant's counsel. Fifteen days later the judgment was entered. It is said, by way of argument, in behalf of the appellant, that it was the understanding of the defendant's counsel that the letter referred to called for a reply from plaintiff's counsel, but a careful examination of it does not give us the impression that it should be so understood. It was a refusal to consider the claim unless letters of administration were taken out on the estate, and the expression of an opinion by the writer that the facts did not furnish any proof of the death of the insured. It was not incumbent on the plaintiff to accept the suggestion of the defendant's counsel as to the further procedure to be taken. There was abundant time in

which to file an answer, and no steps were taken to comply with the requirements of the act of assembly with reference thereto. It may well be, the appellant's counsel was misled by the conversation with the plaintiff's counsel over the telephone, but he having examined the facts in the case, and having reached the conclusion expressed in the letter of November 27th, we are unable to find sufficient reason for holding that an answer need not have been filed in the succeeding 15 days.

Nor does it appear that the matter set up in the petition presents a defense on the merits. Evidence tending to establish the fact that the insured was seen in Atlantic City, August 15, 1911, would not be a good answer in an action begun September 24, 1918, where a presumption of death was alleged because the insured had not been heard from for more than seven years. "The presumption of death arising from the absence of the person for seven years, unheard from, stands as competent and satisfactory proof until it is successfully rebutted by competent evidence to the contrary—if a party left his home without saying where he was going, or if he had left his home on a business trip or a pleasure trip and nothing had been heard from him for a period of seven years then the presumption would arise that he was dead": Maley v. Pennsylvania R. R. Co., 258 Pa. 73. There was nothing offered to show that the insured was living within seven years prior to the bringing of the action, and we are unable to see that any defense was presented on the merits. It was not asserted that there were debts or funeral expenses, and there were only the other two classes of persons to whom payments might be made, to wit, those connected by blood or marriage. It was not contended that the company had paid or elected to pay any relative by blood, and so far as it appears, the wife was the only person who could claim as a connection by marriage. Unless the defendant is to be excused from paying to any one, the right of a wife is enforceable. The suggestion that the action was not

brought within six months after the date of death of the insured is without merit. The presumption of death arose after seven years; the action was brought within six months from that date. The action of the court in refusing to open the judgment was not an error.

The assignments are overruled and the judgment affirmed.