## Williard *v.* Prudential Insurance Co., Appellant.

*Insurance—Insurance policy—Payment of proceeds—Option of insurer to whom payment should be made—Refusal to pay—Right of action.*

Where an insurance company has reserved the right to make payment of the proceeds of its policy to any relative of the insured appearing to be equitably entitled thereto, but refuses to exercise its option after the obligation has matured, and makes no payment to any one, a right of action accrues to the brother of the insured who paid the premiums.

Argued October 18, 1921. Appeal, No. 166, Oct. T., 1921, by defendant, from judgment of Municipal Court, Phila. Co., Dec. T., 1920, No. 626, in favor of the plaintiff, in case tried by the court without a jury, in suit of Joseph Williard v. Prudential Insurance Company of America, a corporation of the State of New Jersey. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

Assumpsit to recover proceeds of life insurance policy. Before KNOWLES, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court found in favor of the plaintiff in the sum of $272.55, and entered judgment thereon. Defendant appealed.

330   WILLIARD *v.* PRUDENTIAL INS. CO., Appel.

Assignment of Errors—Opinion of the Court. [78 Pa. Superior Ct.

*Errors assigned* were in findings for the plaintiff, refusing to find for the defendant, and refusal of motion for judgment non obstante veredicto.

*Frederick J. Shoyer,* and with him *Henry Arronson,* for appellant.—Where the insurer has not exercised the option as to payment, members of the class named cannot compel payment: Nolan v. Prudential Insurance Co., 139 App. Div. 166, 123 N. Y. Supp. 688; Ferretti v. Prudential Insurance Co., 49 Misc. 489; 97 N. Y. Supp. 1007; Huebner v. Met. L. Ins. Co., 146 Ill. App. 282; Lewis v. Metropolitan Life Ins. Co., 178 Mass. 52; Loomis v. Prudential Ins. Co., 27 District Rep. 509.

*Bernard J. O'Connell,* for appellee.—Every fact in this case is paralleled by the facts in O'Hara v. Metropolitan Life Insurance Co., 73 Pa. Superior Ct. 434.

Opinion by Trexler, J., March 3, 1922:

In 1909 the Prudential Insurance Company of America issued a policy to Edward J. Williard, agreeing therein upon the death of the insured to pay the amount of two hundred and thirty-seven dollars at its home office "to the executor or administrator of the insured unless settlement shall be made as provided in article II under the head of Provisions."

The "Provisions" referred to, read: "The Company may make any payment provided for in this policy to any relative by blood or connection by marriage of the insured or to any other person appearing to said Company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured for his or her burial or—for any other purpose, and the production by the Company of a receipt signed by any or either of said persons or of sufficient proof of such payment to any or either of them shall be conclusive evidence that such benefits have been paid to the person or persons en-

titled thereto and that all claims under this policy have been fully satisfied."

The insured has been missing since June, 1911. His brother, Joseph Williard paid all the premiums due on said policy since its issue and has in his own name brought suit against the company for the amount due under it.

The company defends on the ground that, if any sum be due, it is payable to the executor or administrator of the decedent and that plaintiff "has no claim to the proceeds of said policy or right to bring action under or upon said policy."

The learned court below, sitting without a jury, found in favor of the plaintiff.

If the plaintiff cannot recover, the insurance company need pay no one. There is no defense on the merits but the objection to the plaintiff's claim is purely technical. The course pursued by the company in this case, if applied to what are known as industrial policies, issued for small amounts, would in many cases relieve the company of the payment of anything. The company need only decline to pay to any one and the amount of the insurance, in many cases, would not warrant the expense incident to taking out letters of administration. Thus the manifest object of this provision of the policy which is to enable the company to pay the policy without the expense of an administration, Thomas v. Prudential Ins. Co., 148 Pa. 594, may be defeated and the payment of the policy entirely evaded.

The brother of the deceased has, as stated above, paid all the premiums and has under the authorities cited in 25 Cyc. 899, a beneficial interest in the policy. The company has not exercised its option to choose to whom the amount due should be paid. The brother is a party beneficially interested. No claims can be made by any executor or administrator. Under such circumstances, the plaintiff being entitled to the insurance, although not a beneficiary named therein, may properly maintain the

suit.   The case of O'Hara v. Metropolitan Life Insurance Company, 73 Pa. Superior Ct. 434, which arose in a petition to open a judgment is strikingly similar to the present case.   There the assured had not been heard of for over seven years, the policy contained a clause substantially the same as the one quoted above, the widow claimed the insurance although not named as beneficiary in the policy, the company never having exercised its option to pay the amount to any one.   This court there held that the action was properly maintained.   In neither of these cases was the company confronted with different claimants to the fund.   The question was whether the company should pay the one beneficially interested or escape liability entirely.

The judgment is affirmed.