Yelda, Appellant, v. W. & S. Life Insurance
Company.

Argued May 6, 1930.

Before Trexler, P. J., Keller, Linn,
Gawthrop, Cunningham and Baldrige, JJ.

*Armin H. Friedman* and with him *Joseph B. Feldman*, for appellant, cited: O'Hara v. The Metropolitan Life Insurance Co., 73 Pa. Superior Ct. 434.

*Clark Miller* of *Smith, Buchanan, Scott & Gordon*, for appellee, cited: Williard v. Prudential Insurance Company, 276 Pa. 427; Thomas v. Prudential Life Insurance Company, 148 Pa. 594.

OPINION BY GAWTHROP, J., July 10, 1930:

This is an action on a policy of life insurance issued by defendant on the life of Frank Shivak in the sum of $500. No beneficiary was designated in the policy, nor did it provide that it was payable to the executor or administrator of the insured. It contained a clause headed "Facility of Payment," which is as follows: "The company may make any payment or grant any non-forfeiture provision provided for in this policy to any relative by blood or connection by marriage of the insured, or to any person appearing to the company to be equitably entitled thereto by reason of having incurred expense or obligation on behalf of the insured or for the insured's burial; and the production by the company of a receipt signed by any or either of said persons or other proof of such payment or grant of such provision to any or either of them shall be conclusive evidence that such payment or provision has been made or granted to the person or persons entitled thereto, and all claims under this policy have been

fully satisfied." Plaintiff is a niece of the insured and brought the suit in her individual right to recover the amount of the policy. She was awarded judgment in the county court of Allegheny County. An appeal was allowed by the court of common pleas. When the case came to trial in that court plaintiff established in her case that the insured died July 8, 1926, and that shortly after his death she surrendered the policy and receipt books to defendant; that on November 13, 1926, defendant refused to pay her the amount of the policy; that on November 15, 1926, she accepted from it a check for $14.82, containing the notation "in full settlement" of this policy; that at the same time she signed a receipt stating that this sum was received in full discharge and settlement of all obligations under the policy; and that she never cashed the check, but within two days her attorney tendered the check back to defendant and demanded the return of the release and policy. Her counsel admitted that the release had no bearing on the issue before the court. A non-suit was granted on the ground that plaintiff had no right of action on the policy, because the sole right of action was in the administrator or executor of the insured. This appeal is by plaintiff from the refusal to take off the non-suit.

The sole question presented for our consideration is whether there is any right of action in the plaintiff to recover on the policy. A "Facility of Payment" clause substantially identical with that in the case at bar was construed in Williard v. Prudential Life Ins. Co., 276 Pa. 427, in which the suit was brought by a brother of the insured in his individual right and the amount of the policy was payable to the executors or administrators of the insured, unless settlement should be made under the "Facility of Payment" clause. The court said: "The 'Facility of Payment' clause gives the company the option to make payment to any relative by blood; just how this could give the plaintiff a

right of action it is difficult to understand, as the policy in suit which is the contract between the company and the insured, provides that the money due on it shall be paid to his executors or administrators. To sanction a recovery by plaintiff would in effect be to make a new contract between the parties; under the provisions of the policy, his right of action cannot be sustained." While that case differs from this in that the policy was payable to the executors or administrators of the insured unless settlement was made under the "Facility of Payment" clause, in our opinion the construction to be placed upon the "Facility of Payment" clause is not affected by the presence or absence of a provision as to payment to an executor or administrator. While it appears that this precise question has not been directly decided in this State, the weight of authority in other jurisdictions supports the view above expressed.

In Lewis v. Metropolitan Life Ins. Co., 178 Mass. 52, the policy contained a "Facility of Payment" clause identical with that contained in the policy here involved, and no one was named as the person to whom payment was to be made. The suit was brought by the son of the insured. It was held that he had no rights under the policy and that while, under the "Facility of Payment" clause, a payment to him might have been a discharge of the contract, that clause did not entitle him to enforce payment of the sum due under the policy, and that such a suit could be maintained only by the executor or administrator of the insured with whom the contract was made. To the same effect see Marzulli v. Metropolitan Life Ins. Co., 79 N. J. L. 271; Heubner v. Metropolitan Life Ins. Co., 146 Ill. App. 282. For other authorities in different jurisdictions see cases cited in 28 A.L.R. 1350-1353, and 44 A. L. R. 1161, and 49 A. L. R. 940, in which the annotation is as follows: "It is generally held that 'Facility of Payment' clauses in industrial life insurance

policies, providing in substance that the insurer may pay the benefit to the beneficiary named, or to any other person appearing to it equitably entitled thereto, are for the benefit of the insurer, to be exercised or not at its option, and that it gives a third party to whom the insurer might have elected to pay the benefit no right to compel the insurer to make the payment to him ......and a like conclusion has been reached where no beneficiary was designated.'' While these authorities are not controlling upon us, the reasoning therein has convinced us that the sensible rule to adopt is that the right of action upon the policy before us is in the administrator or executor of the estate of the insured and that payment by the company to any other person is not enforceable but is made in the exercise of the option to pay under the ''Facility of Payment'' clause. Any other rule would result not only in making a new contract between the parties but in subjecting the company to suit on the policy by anyone within the classes mentioned in the ''Facility of Payment'' clause, and in permitting a recovery by any such person if the company, for sound reasons, declined to exercise its option under that clause.

Appellant relies upon O'Hara v. Metropolitan Life Ins. Co., 73 Pa. Superior Ct. 434, as ruling this case in her favor. There the policy, like the present, did not provide that it was payable to the executors or administrators of the insured and a recovery by the widow was permitted. The case came before this court on an appeal from the refusal of the court to open a judgment entered for want of an affidavit of defense. The validity of the judgment in the court below was attacked on the ground that the statement of claim did not declare that the plaintiff was the beneficiary in the policy. She could not truthfully allege that she was the beneficiary because no beneficiary was named. The policy contained a ''Facility of Payment'' clause similar to that in the policy before us. The plaintiff de-

clared that under the terms of the policy she became entitled to the amount of the insurance on the death of her husband, and this court held that an inspection of the policy showed that she had standing to sue, "in the absence of the exercise of an election by the company to pay some other person" under the "Facility of Payment" clause, and that, therefore, the statement of claim was not so defective that it would not support the judgment, and for this and other reasons not here important affirmed the judgment. The real question before this court was whether there was an abuse of discretion by the court below in refusing to open the judgment and that is all that was decided. An application to open a judgment is an appeal to the equitable powers of the court, and there seems to have been sound reason for the decision of this court, holding that the discretion of the court below had not been abused. As to the statement in the opinion that the plaintiff had standing to sue in the absence of the exercise of an election by the company to pay some other person, we refuse to adopt it as a correct statement of the law of the case for the reasons above stated in reaching our conclusion in the case at bar.

We find no merit in the contention that after defendant refused to pay plaintiff the amount of the' policy it recognized her as the beneficiary by paying her $14.82, and took a release from her, and thereby became estopped from questioning her right to enforce payment of the policy. The provisions of the "Facility of Payment" clause did not preclude the company from settling with one or more individuals as their respective interests may appeal to it, up to the full amount of the policy. The fact that the company recognized appellant as entitled to something under this clause did not estop it from interposing the defense it did when appellant sued on the policy. The court below reached the right conclusion.

The judgment is affirmed.