## Burton's Estate

*Joseph Wilkes*, for exceptant; *Harry Norman Ball*, contra.

STEARNE, J., March 9, 1934.—Decedent acquired an industrial life insurance policy. According to the terms of the insurance contract, upon the death of the insured, the proceeds of the policy were payable to his executor or administrator. Such designation of beneficiary, nevertheless, was expressly subject to the right of the insurance company to pay the proceeds of such policy to such person as the insurance company deemed equitably entitled thereto. This

is what is commonly termed a "facility of payment clause". The material parts of this insurance contract read as follows:

"To pay . . . to the executor or administrator of the insured, unless payment be made under the provisions of the next succeeding paragraph.

"The company may make any payments . . . to the insured, husband or wife, or any relative by blood or marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, or for his or her burial. . . ."

The insurance company, upon the death, paid the insurance proceeds to the insured's administrator, in strict accordance with the terms of the contract. The exceptant herein, as a claimant, claimed the proceeds of the policy from the insurance company, basing his demand upon the ground that the claimant had paid all the premiums, and had always held possession of the insurance policy, and that the insured had executed a written application for designation of beneficiary in which the claimant was named as such beneficiary. It is to be observed that such "designation" in terms reserved the option to the insurance company to pay the proceeds, according to the terms of the contract of insurance, either to the personal representative of the insured or to the person "equitably entitled"; also, such "designation" was not approved by the officer of the company named in the form. For reasons not disclosed, the insurance company declined to pay the claimant and elected to pay the proceeds of the policy to the administrator of the insured. Claimant thereupon brought suit against the insurance company in the municipal court, which suit is still pending. The account of the administrator of the insured came up for audit in the meantime, in the orphans' court, and disclosed that the insurance fund was the sole asset of the estate. Claimant appeared before the auditing judge and claimed the entire fund, as his individual property, under and by virtue of the terms of the insurance contract and the proofs which he submitted. Upon a hearing, the auditing judge decreed the insurance proceeds formed no part of this estate and awarded the same to the claimant. This we deem error.

When this decedent insured his life with the insurance company, the legal effect of such action was the creation of a contract under which the insurance company engaged, upon the death of the insured, to pay the sum specified in the policy to the person in whose favor the policy was granted: 37 C. J. 359. This particular policy was payable "to the executor or administrator of the insured". It was in fact so paid, thus literally complying with the insurance contract. The question involved is whether a claimant of the insurance fund is relegated to a suit on the policy against the insurance company, or whether such a claimant may, upon payment by the company, press his action against the designated beneficiary who has so received the proceeds.

In the case of ordinary insurance, where the decedent (the insured) designates a third person as beneficiary, the proceeds are payable to the designated beneficiary and form no part of the decedent's estate: Karch's Estate, 133 Pa. 84; Bomberger, Executrix, v. United Brethren Mutual Aid Society of Pa., 3 Sadler 293; Oertlett's Estate, 7 Dist. R. 678; Tiedeken's Estate, 11 Phila. 95; McCutcheon's Appeal, 11 W. N. C. 125; Morrell's Estate, 8 W. N. C. 183. Where the policy is payable to the executors or administrators of the estate of the insured, the proceeds become assets of the insured's estate: 37 C. J. 565.

Under the "facility of payment" clause, it is really the insurance company which selects the beneficiary. The provisions of the facility of payment clause of the usual industrial life insurance policy have been well defined. In most of such cases, upon the death of the insured, there is no estate, but there remains the payment of the expenses of the last illness and funeral expenses. No will is

usually probated, and ordinarily no administration is ever raised. For practical and really necessary reasons, a discretion is vested in the insurance company as to the proper payment of the, insurance proceeds. Therefore, whether there is an executor or administrator or not, the insurance company, under such a clause, reserves the option to pay the husband or wife, relative, or any other person appearing to the company to be equitably entitled by reason of having incurred expense on behalf of the insured, or for his burial. The legal status of such a clause has long been settled. It has been repeatedly held not to be against public policy. Its effect is to permit the insured to delegate to the insurance company the selection of the beneficiary. The insurance company is held to be the "sole judge" as to who is the person equitably entitled to the money. The leading case is Thomas, Admr., v. Prudential Ins. Co., 148 Pa. 594. Mr. Justice Paxson in that case wrote (p. 599):

"The company paid this money to the person appearing to it to be equitably entitled thereto, and produced a receipt signed by her for the same. This was a complete defence, under the very terms of the policy. It is for the company to judge who is the person to be equitably entitled to the money. This discretion is vested in it by the contract between the parties. The contract itself does not offend against any rule of law or public policy, and we cannot hold that the administrator is entitled to recover without making a new contract for the parties."

See also Brennan, Admr., v. Prudential Ins. Co., 170 Pa. 488. Where the insurance company, in good faith and in the exercise of its discretion, pays to a person so selected by it, such payment vests in the selected person an absolute property in the proceeds and there is no liability to account to the insured's administrator: Althouse v. Roth, 35 Pa. Superior Ct. 400. See also Estate of Mary Feeney Strickler, 2604 July Term 1923 (not reported).

Where such an option to select a beneficiary is vested in an insurance company, under a facility of payment clause, until such selection is actually made a claimant beneficiary may not bring suit in his own individual right on the policy: Williard v. Prudential Ins. Co., 276 Pa. 427, reversing 78 Pa. Superior Ct. 329.

The Orphans' Court of Philadelphia County has repeatedly decided that proceeds of insurance policies on the life of a decedent, paid to an individual under a facility of payment clause, do not form part of a decedent's estate and need not be accounted for by the administrator: Roop's Estate, 15 D. & C. 752; Logan's Estate,.16 Dist. R. 187.

There is one other class of such insurance cases which requires consideration. In some instances, a fiduciary of a decedent's estate, but acting in his individual capacity, has falsely represented to the insurance company that he has paid the funeral bill or has become obligated so· to do, and has thereupon induced the insurance company under the facility of payment clause to pay him the proceeds of such policy. When the account comes before the orphans' court for audit, the falsity of such representation has been disclosed. Under such circumstances, in the distribution of the decedent's estate, the court has not permitted such a distributee to benefit through his own fraud and wrongdoing. Under such circumstances, the amount of such insurance fund, or in certain cases an equitable proportion thereof, has been deducted from his distributive share. See Estates of John A. Logue, deceased, no. 3665, October term 1925, Lucy Wright, no. 3214, October term, 1929, Joseph Kane, no. 2438 of 1932, and Paul Burki, no. 3823 of 1931. Such procedure seems sound and proper. The orphans' court is a court of equity. To the court is delegated the settlement and distribution of decedents' estates. Being a, court of equity, once its jurisdiction

attaches, such jurisdiction extends to every matter necessarily within the scope of such settlement and distribution. See Appeal of Odd Fellows Savings Bank, 123 Pa. 356. Where it appears that one has falsely represented to an insurance company that he has paid or incurred the funeral expenses, but in truth and in fact has not done so, and at the same time claims credit in his account as administrator for such payment (still retaining the insurance proceeds so fraudulently acquired), this court, as a court of equity, will deduct such proceeds from his distributive share.

The facts in Szymanski's Estate, 109 Pa, Superior Ct. 555, seem to be identical with those in the instant case. Yet, the distinction is that *by agreement* the insurance company paid the proceeds of the policy to the personal representative, and all parties in interest agreed that the disposal of the proceeds "be referred to the court at the audit." In the present case, there was no such agreement to submit the case for determination to the orphans' court. On the contrary the suit brought by the claimant against the insurance company in the municipal court is still pending and undetermined.

From a consideration of the above cases, we are of opinion that, because the insurance company has paid the proceeds of the policy to the administrator of the insured's estate, in strict compliance with the terms of the insurance contract, such fund exclusively forms part of the decedent's estate, and that any remedy possessed by the alleged claimant must be sought against the insurance company and not against the estate of the insured.

The exceptions are sustained, and the account is recommitted to the auditing judge for distribution under the intestate laws of this Commonwealth. The auditing judge authorizes the writer of the opinion to state that he concurs in the foregoing opinion.