Burton's Estate (Jordan's Appeal).

250

Argued October 26, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Harry Norman Ball,* for appellant.

*Joseph Wilkes,* and with him *Frank Fogel,* for appellees.

Opinion by Stadtfeld, J., February 1, 1935:

This is an appeal by Lawrence Jordan, from the decree of the Orphans' Court of Philadelphia County, in refusing to award to him, as claimant, the proceeds of a policy of insurance in the hands of the administrator of the estate of George Burton, deceased, at the audit of the account of said administrator.

George Burton died June 5, 1932, intestate, leaving a widow, Mary Burton, and no children or issue of deceased children. Letters of administration were duly granted on his estate to Joseph Wilkes.

The fund for distribution consists entirely of the proceeds of a policy of industrial insurance, upon the life of the decedent, issued by the Metropolitan Life Insurance Company on February 6, 1928, upon application of the decedent.

The material parts of the policy read as follows: "To pay ...... to the executor or administrator of the insured, unless payment be made under the provisions of the next succeeding paragraph.

"The Company may make any payments ...... to the insured, husband or wife, or any relative by blood or marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, or for his or her burial ......"

The insurance company upon the death paid the insurance proceeds to the insured's administrator, in accordance with the terms of the contract. Lawrence Jordan claimed the proceeds of the policy from the insurance company, basing his demand upon the ground that the claimant had paid all of the premiums,

had always held possession of the insurance policy, and that the insured had executed a written application for designation of beneficiary in which the claimant was named as such beneficiary. This application, pasted to the policy, bears date "2-24-30," and the material parts thereof are as follows: "I hereby request the Metropolitan Life Insurance Company to pay the death benefit in accordance with the terms of the above mentioned policy to Lawrence Jordan ........ subject, however, to the provision in the policy authorizing payment at the Company's option to my executor or administrator, or to any of my relatives by blood, or connections by marriage, or to any other person appearing to said Company to be equitably entitled to the same by reason of having incurred expense on my behalf or for my burial. (Signed) George X Burton ...... A change of beneficiary to any other than an immediate relative will not be approved by the Company unless the reason for such change is fully set forth by the Manager on the back of this form. W. C. Fletcher, Secretary." The provision for payment at the company's option is often designated as the "Facility for payment" clause.

This application was executed and attached by a clerk at the Manayunk branch office of the Metropolitan Life Insurance Company. There was no evidence of the approval by the company of this change of beneficiary.

At the hearing, William Jordan, a brother of the claimant, testified that he knew George Burton, the decedent; that he was present when the negotiations were made for the taking out by George Burton of the policy in question with the Metropolitan Life Insurance Company. At the time the decedent took out this policy George Burton said that "Lawrence Jordan is the beneficiary." The policy was then given to Law-

rence Jordan, the claimant, and it has been in his possession from the date of its issue, February 6, 1928, to the present time. The witness also testified that he was present at the branch office of the company in Manayunk, when form 22 D. O. entitled "application for designation of beneficiary" was signed by decedent with his mark. While it appears from the undisputed testimony that at the time of the issuance of the policy the decedent said "Lawrence Jordan is the beneficiary," later it was noticed that there was no named beneficiary in the policy, and that is the reason the parties went to the office of the company at which time the application for designation of beneficiary was executed by the decedent.

Without explanation for so doing, the insurance company declined to pay the claimant, and elected to pay the proceeds of the policy to the administrator of the insured. Claimant therefore brought suit against the insurance company in the Municipal Court of Philadelphia, which suit is still pending.

At the audit of the administrator's account, claimant appeared and claimed the entire fund as his individual property, under and by virtue of the terms of the insurance contract and the application for change of beneficiary executed. The auditing judge, SINKLER, J., in an opinion filed by him, decreed the insurance proceeds formed no part of the estate and awarded the same to claimant. Exceptions to this decree were sustained by the court in banc in an opinion by STEARNE, J., and the auditing judge was directed to distribute the fund under the intestate laws. From the decree distributing the fund to Mary Burton, widow of decedent, this appeal was taken.

On the question of jurisdiction of the orphans' court, we have no doubt. The question arising on this appeal is between the administrator on the one hand, and the claimant on the other. The *res,* as well as the

person in possession, the administrator, are in that court. Lawrence Jordan claimed the proceeds of the policy at the audit of the estate, as his own, and has submitted himself to the jurisdiction of that court. See opinion by our Brother CUNNINGHAM in Estate of K. I. Sanes, No. 1, 91 Pa. Superior Ct. 466; Paxson's Estate, 225 Pa. 204, 73 A. 1114. In the latter, Mr. Justice STEWART, speaking for the court, says, on page 206: "...... in the other, the property being presumptively an asset of the estate, in the hands of the executor, accounted for and therefore in gremio legis, the court had full jurisdiction to adjudicate any question in regard to it which stood in the way of its distribution; it could even relinquish its control of the property if the legal right to it was with the claimant: Gaffney's Estate, 146 Pa. 49. The party claiming property in the custody of the law is the actor; he has a choice of forum and remedy. He can elect to proceed at common law for money had and received, or he may submit his claim upon distribution proceedings in the orphans' court as was done in Gaffney's Estate, supra. If he elect to pursue the latter remedy he voluntarily brings himself and his cause within the jurisdiction of the court; he is not thereby creating a jurisdiction where none existed before, but adopting one already established. The case is very different where the disputed property has never been within the grasp of the court, but is in possession of one claiming adversely to the estate. In the latter case the orphans' court has jurisdiction of neither person nor thing." To same effect see Williams' Estate, 236 Pa. 259, 84 A. 848, where the cases are fully reviewed by Mr. Justice MOSCHZISKER. See also Estate of Agnes Blaszcak, 90 Pa. Superior Ct. 589.

The question arising upon the merits is whether this case comes within the established exception to the general rule that in order to effect a change of bene-

ficiary the mode prescribed by the policy must be followed at least substantially: Estate of K. I. Sanes, supra; Gannon, App., v. Gannon, 88 Pa. Superior Ct. 239; Sproat, App., v. Travelers Insurance Co., etc., 289 Pa. 351, 137 A. 621. Whether a case should be held to be within the exception must necessarily depend upon the facts of that particular case.

In the instant case the policy is primarily payable ''to the executor or administrator of the insured, unless payment be made under the provisions of the next succeeding paragraph,'' quoted supra.

The application for designation of beneficiary, requesting the company to pay the death benefit to Lawrence Jordan, in its terms provides that the same is ''subject, however, to the provision in the policy authorizing payment at the company's option to my executor or administrator,'' or, as provided in the subsequent provision quoted supra. It further provided that ''A change of beneficiary to any other than an immediate relative will not be approved by the Company unless the reason for such change is fully set forth by the Manager on the back of this form.''

No reason for the requested change appears, nor was the same done by the ''express agreement of the Company evidenced by the signature of its President or Secretary,'' as required under the terms of the policy, nor was there any evidence of authority on the part of the clerk in the Manayunk office of the company to waive any terms or conditions of the policy. Even if all the formalities required appeared, the attempted change of beneficiary left the policy payable primarily to the executor or administrator, subject to the provision of the ''Facility of payment'' clause permitting the company to pay the same to any other person equitably entitled to the same by reason of having incurred expense for the burial of decedent. Unlike the ordinary life insurance policy, reserving to the insured

the right to change of beneficiary, to take effect when endorsed on the policy, the policy in the instant case provides that the insurer must approve or assent to the choice of a new beneficiary, and the reason therefor be fully set forth on the back of the application. The company paid to the administrator in strict compliance with the terms of the policy. It did not exercise its right to choose any person under the "facility of payment" clause. By the very terms of the designation of beneficiary form, which is the basis for appellant's claim, the company is given the option to pay to the administrator. The same provision is made in the policy proper.

In Williard v. Prudential Life Ins. Co., 276 Pa. 427, 120 A. 461, it was held that where such option to select a beneficiary is vested in an insurance company, until such selection is actually made, a claimant beneficiary may not bring suit in his own individual right on the policy.

Where an alleged substituted beneficiary claims the proceeds of the policy of insurance, the burden of proof is upon such claimant to establish his right to the insurance money as against the beneficiary named in the policy: Herrod v. Kimbrough, 83 Pa. Superior Ct. 238.

Under the insurance policy in the instant case, we do not think that claimant has established his right to the proceeds of the same.

The assignments of error are overruled and the decree of the lower court is affirmed at costs of appellant.