## Pennsylvania Turnpike Commission v. Schwartz, Admx., et al.

*Douglass D. Storey*, for plaintiff.

*Paul G. Smith*, for defendant.

*W. E. Shissler*, for garnishee.

WOODSIDE, J., October 31, 1949.—For the fourth time this case is before us, and the end is not yet. This time, we have for consideration a motion of the garnishee to strike off the judgment entered in this court upon a transcript from Bedford County. We shall relate only such facts as are necessary for the determination of our immediate problem.

Plaintiff sued in Bedford County to recover for damages to its property caused by the alleged negligence of deceased whose administratrix is the defendant.

The accident, in which said deceased was killed, happened August 27, 1942, and suit was brought April 18, 1944. In the meantime, the first and final account in the estate of said deceased was filed and confirmed and the estate distributed.

No appearance was entered by or on behalf of the defendant in the action in Bedford County and judgment was entered for want of an appearance. A writ of inquiry was held and the damages assessed at $2,-572.94, with costs of $115.08, on September 27, 1944.

On October 30, 1944, plaintiff filed in this court a certified copy of the whole record in the Bedford County case upon which the prothonotary of this county entered judgment in favor of plaintiff against defendant in the above amount.

On the same day, plaintiff issued an attachment execution against the garnishee who thereafter entered a general appearance.

In its answer to interrogatories which were served upon it, the garnishee admitted that it had the deceased

insured against property damage at the time of the accident but denied liability upon the grounds that "it was not given any notice of the suit". It raised no questions as to the validity of the judgments in either Bedford or Dauphin Counties.

Plaintiff then moved for judgment against the garnishee for want of legally sufficient answers, which motion was dismissed by the court.

Subsequent thereto, the garnishee was instructed by the court, in an opinion dated August 15, 1947, that it need not answer additional interrogatories which plaintiff had ruled to answer. The case was then called for trial on April 5, 1948, at which time the garnishee moved to strike it from the trial list on the ground that no issues had been framed which could be submitted to the jury. This motion was granted.

At the same time, a motion to strike off the judgment entered against defendant in Dauphin County and to vacate, set aside, quash and dissolve the writ of attachment execution was presented by the garnishee and a rule entered thereon. It is this rule which is now before us. On this motion, a stipulation of counsel was filed in lieu of interrogatories.

The petition to strike off the judgment alleges that no money judgment has been entered in Bedford County in favor of plaintiff and against defendant in this action, and that the return of inquisition upon a writ of inquiry shows it was made in Bedford County "without previous notice to the defendant as required by law especially Rule 26 of the Court of Common Pleas of Bedford County".

The transcript shows the return of the sheriff concerning the holding of the inquisition and the assessment of the damages in the amount of $2,572.94 and costs. It does not show that the prothonotary entered a judgment in that amount. The copy of "judgment index docket entries" shows the entry of the judgment

for want of an appearance but does not indicate anywhere the entry of a judgment for any definite sum.

The garnishee now contends that the judgment in this court is void because (1) no money judgment was entered in Bedford County; (2) notice of the inquisition was not given as required by the rules of court of Bedford County, and (3) the claim is barred by the statute of limitations.

Plaintiff contends that the garnishee has no right to raise these questions, because (1) they represent a collateral attack and one which can be made only by defendant and only in Bedford County; (2) its petition raising them was presented too late, and (3) they are inconsistent with its position that it owes no duty to defendant.

A motion to strike off a judgment is in the nature of a demurrer to the record, and a judgment cannot be vacated or stricken off except for defects apparent on the face of the record: Giles v. Ryan, 317 Pa. 65, 68 (1935); Nixon v. Nixon, 329 Pa. 256, 264 (1938); Johnson v. Royal Ins. Co., 218 Pa. 423 (1907); Peterson v. Schultz, 162 Pa. Superior Ct. 469, 473 (1948); Schwartz v. Goldin, 160 Pa. Superior Ct. 625 (1947).

Has the garnishee legal authority to present its contentions to this court under the circumstances of this case? We think not. Although ostensibly an attack upon the judgment in this court, it is, in reality, an attack upon the judgment of the Bedford County court, for the contention is that the judgment here is not valid solely because the judgment there is not valid.

Defendant could have defended the action in Bedford County. She did not elect to do so. Neither has she made any effort to challenge the legality of the judgment. She is not now complaining. As a matter of fact, the garnishee, as the insurance carrier of defendant, had notice of the suit before judgment and elected not to defend the action in Bedford County.

Remembering these facts, let us examine the cases on this subject.

As early as 1858 the Supreme Court said in Bank v. Munford, 3 Grant 232, that "a judgment cannot be impeached collaterally, and while it remains unreversed is conclusive of all the facts determined by it". In that case a judgment was entered against the firm of Reed & Neely and an "execution attachment" issued attaching moneys of the firm on deposit in a bank. In its interrogatories the bank admitted moneys in its hands belonging to the firm but further answered that Reed denied validity of the judgment confessed by his partner, that it was fraudulently confessed and that there was a bill in equity pending for settlement of the partnership accounts, to which it had been made party. The lower court entered judgment against the bank and the Supreme Court affirmed on the ground that the bank as garnishee could not impeach the judgment.

The same year, that court held in O'Connor v. O'Connor, 2 Grant 245, that a garnishee cannot set up as a defense that the judgment of the original defendant was not liquidated according to the rules of court.

In the case of Black v. Nease, 37 Pa. 433 (1860), it was held that the validity of the original judgment could not be denied or inquired into by the garnishee.

Looking at the more recently decided cases, we find that in Morris et al. v. Bender et al., 317 Pa. 533 (1935), a garnishee attempted to set aside the judgment on the basis that the defendant did not reside at the address to which the writ of summons was alleged to have been served. Justice Simpson, speaking for the court, said, at page 535: "As appellant was not a party to the proceeding it has no standing to question the return of service of the writ"; and added (page 536) : "It is *more than* doubtful whether the garnishee

had any standing to attack the return under any circumstances. . . ." (Italics supplied.)

In Shaffer et ux. v. Hebenstreit et al., 119 Pa. Superior Ct. 159 (1935), plaintiffs recovered a verdict against defendants for damages arising out of an automobile collision and subsequently issued an attachment execution and summoned as garnishee the insurance carrier of defendants. The carrier, as does the carrier in this case, denied liability under the policy and did not participate in any manner in the trial of the case. It later complained of the refusal of the court to strike off the original judgment because of the failure to file an affidavit that the statement of claim and notice to file affidavit of defense was served upon defendants. Judge James, speaking for the court, said (page 164) : "Assuming that the rule had been violated, no complaint was made by the defendant, and he is not now complaining. . . . As appellant was not a party to the original judgment, it had no standing to question the validity of the original judgment."

In Mulvihill v. Phila. Saving Fund Society et al., 117 Pa. Superior Ct. 455 (1935), a garnishee in a previous action was sued by the defendant in the previous action to recover the sum paid to the plaintiff of that action. The contention was that the garnishee "was bound to make every just and legal defense which plaintiff might have made, including an investigation of the origin of the judgment, the validity of the signature claimed to be that of plaintiff and the difference between the spelling of that signature and the spelling of plaintiff's name as one of its depositors". The court said (page 460) : "Assuming that plaintiff's testimony, to the effect that she informed the society that she was not indebted to anyone and had not become surety for any person and that there must have been a forgery, is true, the garnishee could not attack the judgment (citing cases). A judgment cannot be attacked col-

laterally. Plaintiff's redress, if her statements are true, was by a direct attack on the judgment. The society could not make that attack for her; it could not defend against the attachment upon the ground that its depositor's signature had been forged to the note."

See also Kassow v. Feldman et al., 125 Pa. Superior Ct. 286, 290 (1937).

It might be noted that "the object to be obtained by a writ of foreign attachment is not the same as that sought by an attachment execution": Kennedy, Inc., v. Schleindl, 290 Pa. 38, 42 (1927). Unlike an attachment execution where defendant has had the opportunity to defend, in a foreign attachment defendant "is absent and his appearance is not expected. The only party who has an opportunity to appear and defend is the garnishee who has possession of the defendant's property. It is, therefore, the garnishee's duty to see that the property of the defendant is not applied in satisfaction of the plaintiff's claim unless the latter has established his demand against the defendant in strict compliance with statutory requirements": Keystone Brewing Co. v. Canavan, 221 Pa. 366, 372 (1908).

Furthermore, it has been held that a judgment entered on an exemplifictaion of the record does not become a judgment in the common interpretation of the word in the county to which it is transferred. The judgment on the exemplification is but the record evidence of the existence of the judgment in the county in which it was obtained, and the court to which it is transferred has no power over it save for lien and execution and cannot inquire into its validity or make orders affecting its operation. All inquiries into the effect of a judgment establishing the rights of a plaintiff under it must be made to the court that pronounced it: Lehigh & N. E. R. R. Co. v. Hanhauser, 222 Pa. 248,

250 (1908) ; Nelson v. Guffey, 131 Pa. 273, 289 (1890) ; King v. Nimick et al., 34 Pa. 297 (1859).

In First National Bank & Trust Co. v. Laubach et al., 333 Pa. 344, 349 (1939), Justice Stern, speaking for the court, stated: "It has been held time and again that the court of the county to which the judgment is transferred has no power over it except for purposes of execution. . . ."

In the light of the cases cited above, we are of the opinion that the garnishee in this case cannot raise the objections it has made in its motion to strike the judgment entered in this court.

And now, October 31, 1949, the motion of the garnishee to strike off the judgment and to vacate, set aside, quash and dissolve the writ of attachment execution is hereby dismissed.